GEORGE W. LAKIN, *Plaintiff in Error*,

*vs.*

FRANCIS G. TIBBITTS and WILLARD G. GORDON, *Defendants in Error.*

ERROR TO THE DANE COUNTY COURT.

Declaration alleged that T. & G. were summoned as garnishees upon execution to answer touching their indebtedness, &c., to G. returnable at July term, 1851, of the U. S. District Court, that L., U. S. Attorney, &c., promised to notify T. & G. when the suit would be called and when they would be required to answer. That disregarding his promise he, wilfully and maliciously intending to injure them, called on the suit without notifying them, and procured judgment to be entered against them, and proceeded to collect the same by execution. Held; that as the promise was without consideration, it was necessary to aver an intention to injure and deceive the plaintiffs in making of the promise.

The declaration in case, being in the nature of an action for deceit, it is essential to allege a fraudulent design in making the promise, such averment in the breach is not sufficient.

Tibbitts & Gordon commenced an action of trespass on the case, in the Dane County Court, against George W. Lakin, the plaintiff in error.

The declaration contains only one count, and recites, that whereas before the committing of the grievances hereinafter mentioned, to wit: At the October term, 1846, the United States recovered a judgment against one Ezra H. Gleason, for $182.91, in the District Court of the United States for the District of Wisconsin; and that afterwards, to wit, the 11th day of February, 1851, the said defendant who then was, and from thenceforth continued to be, the attorney of the United States, in and for said District of Wisconsin, sued out a writ of fieri facias upon the said judgment,

commanding the marshal, &c., to levy, &c.; and if sufficient property to satisfy the writ could not be levied, to attach in the hands of the said Gleason, or any other person or persons, all property real or personal, goods and chattels, moneys, choses in action, and all equitable interests of said Gleason; and afterwards, on the 22d of February, 1851, to said writ of execution was annexed the summons of garnishee, directed to said Gleason, and to said plaintiffs, notifying them that the judgment had been rendered, &c., and that the said marshal did thereby attach all property, credits, rights and effects, &c.; in the hands of the said plaintiffs, or either of them, belonging to the said Gleason, &c.; and they were thereby, each of them notified and summoned to appear before the said court at, &c., on the 1st Monday of July, 1851, to answer under oath such interrogatories as might be put to them touching the property, &c., in their hands, belonging to the said Gleason, or in which he might be interested, &c., that the summons of garnishee was duly served upon the said plaintiffs and Gleason. That afterwards at the July term of said District Court at Madison, the term to which said writ was returnable and returned, on the first day of the term and the return day of the writ, the said plaintiffs were ready and willing to appear before the said court and answer under oath, touching, &c., and were ready and willing to obey and abide by said summons of garnishee.

And the said plaintiffs allege, that being so willing to make answer and obey said summons as aforesaid, when thereto required, they authorized the said Ezra H. Gleason in their behalf, to inform the said George W. Lakin, attorney of the United States for the district aforesaid, the said defendant, that they were so willing and ready to appear and answer as aforesaid,

and that the said Gleason did so inform the said defendant, the attorney of the United States, in behalf of the said plaintiffs, to wit, at Madison, on the 8th day of July, 1851, the same being the second day of the term.

· And the said plaintiffs in fact say, that the said defendant, so being the attorney of the United States for the district aforesaid, did then and there pretend, give out, and state to the said plaintiffs, that he was not then ready to call up and dispose of said suit against said defendants as garnishees, and was not then ready to receive the answers of said garnishees; and did then and there undertake, promise and agree, to and with the said plaintiffs, and to and with the said Ezra H. Gleason, that when he, the said defendant, so being the attorney of the United States, and lawfully authorized and empowered to control and prosecute the said suit against the plaintiffs as such garnishees, was ready to call on the said suit, he would notify and inform said plaintiffs that they might appear and answer as aforesaid. And the said defendant, so being attorney of the United States, and lawfully authorized and empowered to control and prosecute the said suit against the said plaintiffs, informed and gave the said plaintiffs to understand that they need pay no farther attention to said suit, and that they need not attend upon said court on account of the same, and that they need not appear and answer as such garnishees until they should by him be thereafter advised, notified and required. And said plaintiffs aver that they relied and depended upon said arrangement, understanding and agreement with the said defendant, the attorney of the United States aforesaid, and by sole reason thereof, paid no further attention to said suit, and did not attend upon said

court, but remained during the whole term of said JUNE TERM, 1853. court in and about their place of business in the vil- Lakin vs. Tibbitts et al. lage of Madison, at all times during said term, willing and ready to appear and answer as such garnishees, when, according to said understanding and agreement, they should be informed, notified and required by said defendant, the attorney of the United States aforesaid. And the said plaintiffs further aver, that they caused the said defendant, so being the attorney of the United States as aforesaid, to understand and be informed, that they had no property of any description whatever, or choses in action, in their hands, or any interest therein, either legal or equitable, belonging to the said Gleason ; but on the contrary, that the said Gleason was at that time indebted to said plaintiffs, and when they should appear and answer in said court as such garnishees, their answer would be to that effect.

Yet the said defendant, being the attorney of the United States, for the district aforesaid, not regarding his said understanding and agreement with the said plaintiffs, and not regarding the duty of his office, as such attorney of the United States, for the district aforesaid, but contriving and wrongfully and unjustly intending to injure, prejudice and aggrieve the said plaintiffs in this behalf, and to obtain a judgment in said court against them, against justice and equity, and thereby to deprive them of a large amount of money, to wit : the sum of two hundred and seventy-seven dollars and fourteen cents, wrongfully, maliciously and oppressively ; afterwards, to wit : on the 10th day of July, 1851, being the last day of the term of said court at Madison, &c., as such attorney, brought on the said suit for trial before said court, and caused the same to be so tried and determined in the ab-

sence of said plaintiffs. And the said plaintiffs aver that the said defendant, so as aforesaid, the attorney, &c., did not, at any time before, nor at any time of his bringing on the said suit, for trial, inform or notify the said plaintiffs, that they should then and there appear in said court and make answer as such garnishees, as aforesaid, and did not inform them that he intended or should bring on said suit at that time ; by reason whereof, and by and for no other reason whatsoever, the said plaintiffs were ignorant, that the said suit was then and there brought on for trial, and did not therefore appear and answer in said court, as such garnishees, as aforesaid. By means whereof, and by reason of the violation on the part of said defendant, so being the attorney, &c., of the understanding, arrangement and agreement, so as aforesaid, made with the said plaintiffs, and by reason of the wilful neglect of said defendant, as such attorney of, &c., to perform and abide by his said understanding and agreement, and to notify said plaintiffs, as such garnishees, of the bringing on by him of said suit, for trial, the United States, in the term of July, on the 10th day of the term, in the District Court of the United States, for the district of, &c., at, &c., obtained a judgment against the said plaintiffs, &c., &c., for the amount, interest and costs of the judgment in favor of the United States vs. said Gleason. That afterwards the said defendant, as attorney sued out an execution upon such judgment against the plaintiffs, and they were compelled to pay the same. And the plaintiffs aver that they were induced not to attend upon the said court at the term aforesaid, solely by the arrangement, understanding and agreement so, as aforesaid made, &c., and they omitted and failed to

appear in said court, and therein made default, by reason, solely, of the aforesaid agreement, understanding and arrangement, and that if the said defendant, so being attorney, &c., had not wilfully and knowingly violated said understanding and agreement, no judgment, whatever, would have been rendered against the said plaintiffs ; and if the said defendant, so being said attorney of, &c., had not violated his said agreement, &c., the plaintiffs would not have been compelled to pay said sum, &c., the amount of said judgment and execution, or any part thereof ; that at the time of the service of said execution against Gleason, and garnishee summons upon them, the plaintiffs, they had no property, money, &c., in their hands belonging to him, or in which he had any interest ; that in the prosecution of said suit, the said defendant acted maliciously and oppressively towards the plaintiffs, and by making said agreement and violating the same, and by inducing said plaintiffs, by virtue of his said office, not to attend upon the court, and appear and answer, he, the defendant, caused the said judgment to be rendered against the plaintiffs, and caused the plaintiffs to pay the aforesaid sum of two hundred and seventy-seven dollars and fourteen cents, unjustly and without any consideration whatever ; and the plaintiffs aver that the said defendant, so being the attorney of, &c., conducted and prosecuted said suit and proceeding against the said plaintiffs, maliciously and oppressively, and without regarding the duty of his office, as the attorney of the United States, as aforesaid, wrongfully and unjustly intending to injure, prejudice and aggrieve the said plaintiffs in this behalf, and to deprive them of moneys, to-wit: the sum of, &c. By

June Term, 1853.

Lakin
vs.
Tibbitts et al.

means of which premises, so the plaintiffs have been injured and compelled to pay, &c., and have been otherwise greatly injured and damnified, &c., to their damage, &c.

The foregoing is this substance of all the material allegations contained in the declaration.

The defendant put in a demurrer, which was overruled by the court, and the defendant ordered to plead, and thereupon the defendant pleaded the general issue, with twenty-five special pleas; but as none of them entered into the consideration of the court in making its decision, they are not stated. The cause was tried by a jury, which resulted in a verdict and judgment for the plaintiffs for $277.14.

The bill of exceptions, discloses numerous exceptions taken upon the trial, both to the admission of evidence, and the charge of the court, which were not considered in the judgment of this court. The defendant sued out a writ of error, and the cause was argued by

*J. Mills & G. W. Lakin,* for the plaintiff in error.

*Mr. Mills* insisted that the declaration was insufficient to maintain the action. This is an action on the case for fraud, and in such case the fraudulent intent must be averred, as characterizing the inception of the transaction, ( 3 *D. & E.* 24,) and the declaration no where alleges that the agreement was made with a fraudulent intent.

The court should have nonsuited the plaintiff. 11 *Wend.* 414; 2 *Wend.* 385; 2 *Greenl.* 257.

*H. S. Orton,* for the defendant in error, insisted that the declaration is good upon demurrer, and the

action will lie; and cited 1 *Saunders' Pl. & Ev.* 724;

1 *Wend.* 301; *id.* 384; 19 *J. R.* 375; 15 *id.* 250; 5 *id.* 125; 3 *Gill & Johns.* 377; 11 *id.* 80; 9 *Ohio,* 103; 7 *Mass.* 388–392; 11 *id.* 37; 15 *id.* 461; *Hardin,* 490; 1 *Harr.* 58; 24 *Pick.* 292; 23 *id.* 308; *id.* 224; 2 *Chit. Pl.* 673, *ed.* 1851; 9 *Petersdorff's Abr.* 170; 5 *id.* 191; 1 *Cro. E.* 629; 3 *Ch. Gen. Pr.* 524, 731; 3 *Denio,* 28; 4 *id.* 75.

The fraudulent intent was not necessary to be averred. This action is against the defendant for oppression as a public officer. 1 *U. S. Stat. at large,* 92 *R. S., p.* 550, § 118, 120, 121.

*G. W. Lakin* in reply. The declaration, if true, does not disclose substantial matter, on which to sustain an action at law against the defendant below. It is not an action on the case upon promises, or contract, but it purports to be an action on the case strictly so called, in form *ex delicto.* The plaintiffs should have set out the fraudulent intent, with which the original wrongful act was committed (unless the act was unlawful in itself and implied an unlawful intent, and should connect the original stratagem and design, with the consequent and *unavoidable* injury to the plaintiffs.) *Kramer vs. Stock,* 10 *Watts,* 115; *Merwin vs. Huntington,* 2 *Conn.* 209; 2 *McLean,* 269; 6 *Cow.* 350; 1 *Chit. Pl.* 135; 1 *J. R.* 453; 8 *id.* 231; 6 *id.* 138; 11 *Wend.* 544; 1 *Cow.* 78; 4 *How.* 149; 1 *Bac. Abr.* 118, *H. Notes;* 2 *Wend.* 385; 11 *id.* 375; 1 *Pick.* 527; 12 *East.* 89.

This action cannot be sustained against the defendant as attorney, &c. The action as against attorneys, accrues to the employer, and not to the party against whom the attorney is employed; and there is no dif-

ference between attornies for government, and attorneys for private parties. There is no privity of contract, between the attorney and the adverse party.

The connection and relation between the parties must be such, as, either by express contract, for a consideration, or by such obligation as is imposed by law, so as to make it a *legal duty*, to do, or omit to do, the act or omission complained of.

There is no consideration alleged for this agreement, and no fraudulent intent is averred.

*By the Court,* WHITON, C. J.    We do not think that the declaration in this case, sets out a good cause of action.    The substance of it is, that Tibbitts & Gordon, who were the plaintiffs below, having been summoned to answer in the U. S. District Court, as the garnishees of Gleason, at the suit of the United States, at a term of the District Court of the United States for this district, holden the first Monday of July, 1851, informed Lakin, the defendant below (who was the attorney of the United States for the District of Wisconsin, and had charge of the suit on the part of the United States,) that they were ready and willing to appear before the said court, and answer, touching their liability as garnishees of Gleason ; that the defendant pretended he was not ready to call on the suit and receive the answers of the plaintiffs as such garnishees, and did then and there promise and agree to and with the plaintiffs, and with said Gleason, that when he was ready to call on the said suit, and receive the answers of the plaintiffs as the garnishees of Gleason, he would notify the plaintiffs, that they might appear and answer.    The declaration then states, that the defendant, intending to injure the plaintiffs, did

call on the suit without notifying the plaintiffs, and
that in consequence of not receiving any notice from
the defendant, that he should call on the suit, they
did not attend the court, to answer as such garnishees ;
that in consequence of their absence from the court,
they had a judgment entered against them in the
suit, for the sum of two hundred and forty-six dol-
lars and fifty-eight cents. The declaration further
states, that they were not then indebted to Gleason,
and had none of his goods, credits or effects in their
possession, and that they so informed the defendant.

The defect in the declaration, which makes it incu-
rably bad, is the omission to state any intention to in-
jure or deceive the plaintiffs by the defendant, when
he made the promise, or any circumstances which
show that he was under any legal obligation to per-
form his engagement. It appears that the plaintiffs,
who were summoned to appear and answer in the
court as the garnishees of Gleason, obtained a promise
from the defendant that he would notify them of the
time when he would call on the suit, so that they
might appear and answer.

This promise was made by the defendant without
any consideration, and he is not charged with any
fraudulent design in making it. We think that it
would be going farther than any of the cases cited
will warrant us, to hold that the defendant is liable
for the damages occasioned by a breach of this agree-
ment, although the *breach* is charged to have been at-
tended with a fraudulent design on the part of the de-
fendant. *Perley et al. vs. Freeman*, 3 *D. & E.* 24 ; *Bay-
ard vs. Malcolm*, 1 *J. R.* 453 ; *Young vs. Cavell*, 8 *J.
R.* 23 ; *Wickware vs. Bryan*, 1 *Conn. Rep.* 78 ; *Gar-
land vs. Davis*, 4 *How. R.* 149. The case of *Wilkin-*

JUNE TERM, 1853.

Lakin
vs.
Tibbitts et al.

*son vs. Camdale*, '(1 *Esp. Rep.* 75,) it was claimed, sustained the position assumed by the plaintiffs' counsel. That was a case where the defendant, without any consideration, agreed to procure an insurance upon some property, and entered upon the performance of his agreement, but so unskillfully and negligently conducted the business that the insurance was not effected, by means of which the plaintiff sustained loss. The court was of the opinion that the plaintiff might recover, upon proof of these facts. It will be perceived, that the declaration in this case fails to state the material fact that the defendant entered upon the performance of an agreement, and so unskillfully performed the business which he had undertaken, that loss resulted to the plaintiffs. This declaration does not state the case of a negligent or unskillful performance of an undertaking, by which the plaintiffs have suffered; but on the contrary, charges that the defendant wholly neglected and refused to fulfil his engagement. It states an executory agreement, and alleges a breach of it. The action is in the nature of an action of deceit, and the declaration should have charged that the defendant made the promise set out, with the intent to deceive and defraud the plaintiffs. This is necessary in all cases where the deceit is the gist of the action.

It appears that many exceptions were taken to the ruling of the judge, at the trial, but as we have arrived at the conclusion that the declaration is defective, it is not necessary to notice them.

The judgment of the County Court is reversed, with costs.