EZRA GOODRICH, *Plaintiff in Error*,

*vs.*

COMPOUND SCHOOL DISTRICT, No. 5, of the Towns of Milton and Fulton, *Defendant in Error.*

ERROR TO THE COUNTY COURT OF ROCK COUNTY.

This court is not disposed to apply strict technical rules to pleadings in justices' courts; but when the parties choose to resort to written pleadings, and the advantages to be derived therefrom, they will be held to all necessary substantial averments.

In suits brought by a corporation, created by or under any law of this State, it is not necessary to prove the existence of such corporation, unless the same shall be denied by plea or notice, verified by affidavit.

Whenever a plea to the merits of an action is interposed, all matters of abatement are deemed to have been waived.

Under our statute, however, to an action brought by a corporation plaintiff, the defendant may plead the general issue, and under such plea, give notice of matter in abatement, going to the corporate existence of the plaintiff; but such notice must be verified by affidavit.

When parties in a justice's court resort to written pleadings, a demurrer will reach back to the first error committed.

The clerk of a school district has no authority to assess a tax.

The power of taxation is in the inhabitants of the district qualified by law to raise a tax by vote.

This suit was commenced in a justice's court of Rock county, by the defendant in error, against the plaintiff in error, to recover the sum of ten dollars and ninety cents, the amount of a tax alleged to have been levied on certain lands, and which the plaintiff in error, as town clerk, had neglected to insert in the proper assessment roll and warrant of collection. The declaration was in writing, and was as follows, to-wit:

Compound School District No. 5, of the towns of Milton and Fulton, of Rock county, plaintiff in this suit, by Noggle, Pritchard & Pritchard, attorneys,

complains of Ezra Goodrich, in this suit, of a plea of Dec. Term 1853.

Goodrich
*vs.*
Compound
School Dis-
trict No. 5. trespass on the case. For that, whereas, on the twenty-seventh day of November, A. D. one thousand eight hundred and forty-nine, at Rock county, in the State of Wisconsin, the acting and lawful clerk of Compound School District No. Five (5) in Milton and Fulton, in said county, did assess a tax in favor of said district against one James L. Quirk, of the sum of ten dollars and ninety cents, on that certain piece, parcel or tract of land situate, lying and being within the boundaries of said district, in the town of Milton, in said county, described as follows, to-wit : The southwest quarter of section number thirty, in township number four, north, of range number thirteen, east, containing one hundred and forty-five acres, and that a warrant was duly issued to the clerk of said district, directed to James M. Goodrich, then the acting and lawful treasurer of said district, commanding him to collect, among other taxes, the said amount of ten dollars and ninety cents of said James L. Quirk. And on the 16th day of February, 1850, the day on which the said treasurer was required by law to return the same, the said Goodrich did return that he was unable to collect said tax against said Quirk, and on that day said tax remained unpaid ; and on the said 16th day of February, A. D. 1850, the said James M. Goodrich, did make out and deliver to one Asa Weaver, then the town clerk of the town of Milton aforesaid, a statement in writing, containing a description of said land and the amount of said tax of ten dollars and ninety cents so assessed to said Quirk, and did at the same time make and subscribe an affidavit to said statement, pursuant to the statute, that said tax remained unpaid, and that after diligent efforts he had

Dec. Term
1853.

Goodrich
vs.
Compound
School Dis-
trict No. 5.
been unable to collect the same; and said town clerk did, at the same time, issue a certificate of the amount of said tax to said treasurer, which said certificate was afterwards filed by said treasurer with the clerk of said district. And on the first Tuesday of April, A. D. 1850, the said Ezra Goodrich was duly elected town clerk of said town of Milton, and thereafterwards, within the time prescribed by law, was and became duly qualified to act, and did act as such town clerk for the year succeeding said first Tuesday of April aforesaid. And by virtue of section seventy-three of chapter number nineteen, title seven, of the Revised Statutes of the State of Wisconsin, it became the duty of said Ezra Goodrich, acting as town clerk as aforesaid, in making out the duplicate assessment roll of the town of Milton next thereafter, to enter therein a separate column opposite to the description of said land, upon which said tax so remained unpaid, said tax so remaining unpaid, in order that said tax might have been collected in the same manner as town and county taxes are collected, and paid over to the town superintendent of said town of Milton, and by him paid over to the treasurer of said district. But the said Ezra Goodrich, while acting as town clerk as aforesaid, at Milton aforesaid, disregarding his said duty when he made the duplicate assessment roll of the said town next after the return of said tax as aforesaid, to-wit, on the second Monday of December, A. D. 1850, did wilfully, carelessly and negligently omit and refuse to enter in a separate column therein, opposite to the description of said land hereinbefore described, the said ten dollars and ninety cents against said Quirk so remaining unpaid as aforesaid, by means of which the tax has not been paid or col-

lected, and the said district has been forever debarred from having and receiving the same from the said Quirk; by means whereof the said district has sustained great damages, to-wit: to the amount of fifty dollars.

The defendant pleaded : 1st. The general issue. 2d. And for a further plea, "that the said plaintiff ought not to have," &c., "because," &c., "that there is not now, nor was there ever any such corporation as Compound School District No. 5, of the towns of Milton and Fulton in Rock county, as is above supposed, and this he is ready to verify,"&c.,"Wherefore,"&c.,and

3d. "Because &c., that the said James L. Quirk, when the said James M. Goodrich had said tax warrant in his possession for the purpose of collecting said tax, had large amounts of personal property in said town of Milton, which the said Goodrich might and could have levied upon and sold to satisfy said tax, and which was often pointed out to him, and he required to levy thereon, and this the said defendant is ready to verify," &c., "Wherefore," &c.

The plaintiff replied : "as to the said second plea of the said defendant says," "that by reason," &c., "because, he says, that at the time of assessing the tax, and issuing of the warrant and filing of the certificate aforesaid, with the town clerk of the town of Milton, it was and still is a corporation by the name of Compound School District No. 5, of the towns of Fulton and Milton, in Rock county, and this, it prays, may be inquired of by the country," &c.; and demurred to the 3d plea.

On the argument of the demurrer, it was insisted on the part of the plaintiff that the said plea was bad, and by the defendant that the plaintiff's declaration

Dec. Term
1853.

Goodrich
*vs.*

Compound
School Dis-
trict No. 5.

was bad.   The justice decided that the plea was in-
sufficient, and that the declaration was good,  and sus-
tained the demurrer.

A trial was had upon the issues joined upon the 1st
and 2d pleas, which resulted in a judgment against
the plaintiff in error.

The case was removed to the County Court by cer-
tiorari, where the judgment of the justice was affirmed,
to reverse which this writ of error is brought.

*J. A. Sleeper*, for the plaintiff in error.

I. The third plea to the declaration was a bar to
the action, and the judgment upon the demurrer to
that plea should have been in favor of the defendant
below.   Grant, however, that the facts set up in the
plea did not constitute a good defence to the action,
yet the judgment should have been given for the de-
fendant, because the plaintiff's declaration was insuffi-
cient in the law to maintain the action.

1. There is no statement in the declaration that
any tax had been levied by the authority of the school
district.   The clerk has no power to levy or assess a
tax.   *Chapter* 19, *sections* 11, 32 *and* 66.

2. There is no allegation in the declaration that
the tax levied was unpaid, or that the treasurer was
unable to collect the same.

3. The declaration on its face showed that the
plaintiff could not maintain the action, for, as a matter
of law, there could be no such corporation as the
plaintiff.   *Chap.* 19, *sec.* 8.

4.  No tax levied by the plaintiff in the corporate
name in which it has sued could have been legally
collected.

*D. Noggle*, for the defendant in error.

Dec. Term
1853.

Goodrich
vs.
Compound
School Dis-
trict No. 5.

This is an action brought by School District No. 5 against Ezra Goodrich, the plaintiff in error, who was duly elected, and the acting town clerk of the town of Milton for 1852, to recover the sum of $10.90 for a neglect of duty as town clerk, whereby said district has lost said sum of money.

By the Revised Statutes, chap. 19, sec. 73, it is the duty of the town clerk in making out the duplicate assessment roll of the town next after the return to him of the statement of the school district treasurer, of the unpaid taxes on real estate in his district, to enter all unpaid taxes in a separate column opposite to the description of the land upon which the taxes so remain unpaid, &c. The foregoing duty is imperative upon such clerk, and it is not for him to inquire into the original organization of the school district. The question of organization is one with which he has nothing to do. It is enough for him to know that his town has so declared and recognized said school district. The existence of a school district may be proved by reputation. *Barnes vs. Barnes*, 6 *Vt. R.* 888.; 3 *Denio*, 114; 4 *id.* 437; 1 *id.* 214.

The issue joined on defendant's 2d plea was an improper and an immaterial issue, and should not therefore be considered in the case.

The subject matter of that plea is proper matter for a plea in abatement, and could not be interposed after pleading the general issue. The plea of the general issue admits the plaintiff's right to sue in the manner and form in which he sues.

Pleas in bar admit the name of the party and style of the suit. 2 *Ed. Graham's Practice, p.* 231.

Dec. Term
1853.

Goodrich
vs.
Compound
School Dis-
trict No. 5. Pleas in abatement to the person of the plaintiff are either, that no such person exists—19 *Johns. Rep.* 308 ; or dead—*Archibald's Pl.* 304 ; or an infant— 2 *do.* 212.

By pleading in chief, the defendant admits the due appearance of the plaintiff. 7 *Johns. Rep.* 373.

*By the Court,* CRAWFORD, J. This was an action of trespass on the case, commenced before a justice of the peace of Rock county, and removed to the County Court of that county by certiorari. The judgment rendered by the justice against the plaintiff in error (who was defendant in the action) was affirmed by the County Court.

It appears that the plaintiff in the case filed a declaration in writing in the justice's court, to which the defendant pleaded the general issue and two special pleas. One of these latter denies the existence of any such corporation as " Compound School District, No. 5, of the towns of Milton and Fulton, in Rock county," and concludes with a verification. The other plea sets forth that " said James L. Quirk, at the time when the said James M. Goodrich had said tax warrant in his possession, for the purpose of collecting said tax, had large amounts of personal property in said town of Milton, which the said Goodrich might and could have levied upon and sold to satisfy said tax, and which was often pointed out to him, and he required to levy thereon," &c.

The plaintiff took issue on the first plea, replied to the second, and demurred to the last one. This demurrer was overruled, and a trial had upon the issue joined on the first and second plea.

We are not disposed to apply strict *technical* rules
to the pleadings in justice's courts; but whenever the
parties resort to *written* pleadings, and seek to avail
themselves of the advantages to be derived from such
a mode of practice, we cannot overlook the want of
substantial averments. 3 *Wend.* 75.

This action is brought by a domestic corporation,
and its existence is put in issue by the second plea and
replication thereto. The fifth section of chapter one
hundred and thirteen of the Revised Statutes, pro-
vides as follows: "In suits brought by a corporation
created by or under any law of this State, it shall not
be necessary to prove on the trial of the cause the
existence of such corporation, unless the defendant
shall have *pleaded in abatement,* or given notice under
his plea to the action, that the plaintiffs are not a cor-
poration, *and annex thereto an affidavit of the truth of
such plea or notice."* This section prescribes the man-
ner of pleading, and the defendant in this case seems
to have overlooked it. Indeed, under the well known
principle of pleading, independent of the statute, the
second plea would be improperly pleaded after the
general issue. It is a plea to the disability of the
plaintiff, and ought to be relied upon in the first in-
stance. Whenever a plea to the merits is interposed,
that which is matter in abatement is deemed waived.
1 *Chitty's Pl.* 441; *Burnham vs. Webster,* 5 *Mass.*
266; *Pattee vs. Harrington,* 11 *Pick.* 221; *Christian
Society vs. Macomber,* 3 *Met.* 235; *Palmer vs. Evert-
son,* 2 *Cow.* 417; *Palmer vs. Green,* 1 *John. Cases,*
101. The only change made by the statute, is that
this matter in abatement may be set forth in a notice
under a plea to the action, accompanied by an affida-

DEC. TERM
1853.

Goodrich
vs.
Compound
School Dis-
trict No. 5. vit of the truth of such matter in abatement. It is clear, then, that the issue formed on the second plea was *immaterial*, because there was no affidavit of the truth of that plea, as required by the statute, and in such case it was unnecessary to prove the existence of the corporation.

But the demurrer filed by the plaintiff to the defendant's third plea raises the question which will dispose of this case. We have no doubt that this plea is bad ; but upon looking into the declaration, we are satisfied that it presents an incurable defect, which is reached by the demurrer. It sets forth that "the acting and lawful *clerk* of Compound School District No. 5, in Milton and Fulton, in said county, did assess a tax in favor of said district against one James L. Quirk," &c. It is for the neglect to insert this particular tax in a subsequent assessment roll, that this action is brought.

The eleventh section of chapter nineteen of the Revised Statutes vests the power to vote or assess taxes for school purposes, not in the *clerk*, but in the inhabitants of the school district qualified by law to vote at a school district meeting.

Now it is undeniable, that the tax stated in the declaration, if assessed by the *clerk*, as is set forth, was not a legal tax ; and in this view of the case, the defendant below has merely refused or neglected to insert in the assessment roll issued by him, this tax, which at a previous time had been illegally assessed. In so refusing, he violated no duty, and the plaintiff was thereby deprived of no legal right.

It was incumbent on the plaintiff to show in his declaration that this tax had been imposed according

to law, in order to fix the liability of the defendant for a neglect or refusal to perform his official duty, whereby an injury resulted to the plaintiff. This has not been done, and the County Court ought to have reversed the judgment of the justice of the peace.

DEC. TERM 1853.

Goodrich
vs.
Compound
School Dis-
trict No 5.

It is unnecessary to look into the other errors assigned. The judgment of the County Court is reversed.