## THURBER vs. JONES.

A complaint against a defendant for not delivering goods received by him as a
warehouseman, which contains no allegation that the goods belonged to the
plaintiff, or that the defendant was under any obligation to deliver them to
him, does not state a cause of action.

Where the judgment was by default, this court cannot look into what purports to
be the evidence taken on the assessment of damages, but can only pass upon
the errors apparent on the record.

APPEAL from the Circuit Court for *Manitowoc* County.
The complaint in this case alleges "that the defendant is
indebted to the plaintiff for moneys by the defendant re-

January Term, 1861.

THURBER
v.
JONES.

ceived from and for the use of the plaintiff," in the sum of $23 56 for that sum overpaid by the plaintiff to the defendant for charges on certain goods received by the defendant as wharfinger for the plaintiff; and also, that the defendant received as a wharfinger, certain goods of the value of $133 63, and has not delivered them to the plaintiff, though tendered his reasonable charges in that behalf and requested so to do.

The defendant having made default, a referee was appointed to take proof and report the amount due the plaintiff; and upon his report, judgment was rendered for the plaintiff for $184 68, and costs.

*Wm. M. Nichols*, for appellant.

*Smith & Keyes*, for respondent.

*By the Court*, COLE, J. We are of the opinion that the complaint in this case is clearly insufficient to support the judgment. By a very free use of language it might be said that the complaint embraces two counts or causes of action; although neither count "contains a plain and concise statement of facts constituting the cause of action," as our system of pleading requires. But still, by a liberal rule of construction, it might be held that the cause of action set forth in the first count, is for twenty-three dollars and fifty-six cents had and received by the appellant to and for the use of the respondent, under the circumstances mentioned in the complaint. Perhaps this cause of action might support a judgment for the amount of money thus alleged to have been received. But the second count purports to be for goods, wares and merchandise, amounting to the sum of $133 63, received by the appellant in his capacity as wharfinger and and warehouseman, which he had neglected or refused to deliver to the respondent. Yet there is no allegation whatever in the complaint, that the goods belonged to the respondent, or that the appellant was under any obligation to deliver them to him. If the goods really belonged to the respondent, it should have been so averred, in order to show his right to recover their value. Now it is very apparent that the judgment is for the value of these goods as

May 15.

well as for the money had and received, which is mentioned in the first count.

As this was a judgment by default, there is no bill of exceptions, and of course we cannot look into what purports to be the testimony taken on the assessment of damages. We can only examine and pass upon the errors apparent upon the record. This we have done, and find that the complaint does not state facts sufficient to support the judgment.

The judgment is therefore reversed.