### BROOKINS VS. SHUMWAY and another.

Where the award of arbitrators is not made within the time limited in the arbitra-
tion bond, a surety on such bond who has not consented to an enlargement of
the time, is discharged from his liability.

But a person who has signed the bond either as surety or as guardian of an infant
party to the arbitration, remains liable *upon the bond* if the time for the award
has been enlarged with his consent.

The complaint alleged that both of the defendants, H. and S., signed the arbitration
bond as sureties; but it appeared from the conditions of the bond, as set forth
in the complaint, that S. executed it as guardian of an infant party to the arbi-
tration. *Held*, that a judgment against S. (upon failure to answer after demur-
rer overruled) would not be reversed for such defect in the pleading, as it did
not affect his substantial rights.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this action alleges that the defendants, as
sureties for Cross Twinam and James Twinam, on &c., execut-
ed to one Halstead, the plaintiff's assignor, a bond in the sum
of $500. The condition of the bond was that said " Cross
Twinam, James Twinam and *P. J. Shumway*, their guardian,
and *Oliver Harwood*, their heirs, executors and administrators,
on the part of Cross Twinam individually and Cross and

James Twinam," should perform the award of certain arbitrators appointed by consent and on the part and behalf of the above bounden Cross Twinam, James Twinam and *P. J. Shumway*, their guardian, as also by consent and on the part of said Halstead, to arbitrate certain differences between said Halstead and Cross Twinam individually, and also certain differences between Halstead and Cross and James Twinam (said award to be made in writing on or before the 1st of October, 1857), then the obligation should be void. On this bond was the following indorsement: "In consequence of one of the arbitrators being absent, it is hereby agreed between the parties to the above bond, that the time specified therein for the arbitrators to render their award, is hereby changed so that they may render said award within ten days after hearing the testimony in said case. September 28, 1857." Signed by Cross Twinam, James Twinam, and "*P. J. Shumway*, Guardian." The complaint then alleges that said arbitrators met as in said bond and indorsement required, on the 28th of October, 1857, and made their award in writing, &c., in favor of said Halstead and against Cross and James Twinam, &c.; that on said award judgment was entered up in the circuit court for Milwaukee county for $177.92; that the Twinams had failed and still failed and refused to perform the award; that an execution issued upon said judgment against them and *P. J. Shumway*, their guardian, was returned entirely unsatisfied; that the defendants, *Shumway* and *Harwood*, though often requested, had not performed the condition of the bond, or paid the sum mentioned therein or any part thereof; whereupon the plaintiff demands judgment against them for $177.92, with interest, &c.

A demurrer to the complaint was overruled, with leave to answer. An answer was filed without any affidavit of merits, which the court treated as a nullity; and the plaintiff had his damages assessed as in case of default. From this judgment the defendants appealed.

*Palmer & Sharpstein,* for appellants :

1. *Shumway* is described in the bond, as set forth in the complaint, as the guardian and not as the surety of the Twinams. If he incurred any liability it was as their guardian. By his submission of their differences to arbitrament they would be bound, but they could not bind themselves. Caldwell on Arbitration, 24, and cases there cited ; *Baker v. Lovett,* 6 Mass., 78. 2. It appears that the award was not made within the time specified in the bond, and that *Harwood* did not consent to an enlargement of the time, which discharged him from any further liability on the bond. 3. The time within which the award should be made having been enlarged, no action will lie upon the bond, even if all the parties to it, by an agreement under their hands and seals, consented that it might be enlarged, and indorsed it upon the bond, and the award was made within such enlarged time. *Freeman v. Adams,* 9 Johns., 115 ; *Peters v. Johnson,* 3 Har. & J., 291. If a contract be subsequently changed, no action will lie upon the original contract itself. *Philips v. Rose,* 8 Johns., 392. The remedy of the respondent was upon the submission implied in the agreement to enlarge the time, and upon the bond itself.

*G. S. L. Starks* and *G. W. Lakin,* for respondent.

*By the Court,* DIXON, C. J. *Harwood,* being a mere surety, was absolved from all obligation upon the bond by the extension of the time in which the arbitrators were to make and publish their award. Of this we think there can be no doubt. He was not a party to the stipulation extending the time, nor does it appear that he in any manner assented to it. His co-obligors could stipulate for themselves but not for him. The award was not in fact made until sometime after the day fixed in the bond. The complaint, therefore, shows no cause of action against him, and the judgment must be so far reversed. *Thurber v. Jones,* 14 Wis., 16.

But as to *Shumway*, who did sign the stipulation, we think the judgment must stand.    Some question is made as to his relation to the other parties to the obligation.    The complaint alleges that both he and *Harwood* executed the bond as sureties for the Twinams, but by the bond, the conditions of which are set out in the complaint, it appears that he executed it as guardian of the Twinams, and that *Harwood* alone was surety. This, however, is not a matter which affects the validity of the judgment againt him; for whatever were his relations to the other parties, he is still bound by the stipulation.    We cannot reverse the judgment for any defect in the pleadings not affecting his substantial rights.    R. S., ch. 125, sec. 40.

It is also urged, the time in which the award should have been made having been enlarged, that no action will lie upon the bond, but that the remedy of the plaintiff was upon the submission implied in the agreement to enlarge the time.    In *Evans v. Thompson*, 5 East, 189, it was determined by the King's Bench, after full argument and upon conferring with the judges of the other courts of Westminster Hall, that an agreement in general terms indorsed on a submission bond, as in this case, to enlarge the time for making the award, virtually included all the terms of the original submission, to which it had reference, as if the same had been formally set forth and repeated therein, and of course included amongst the rest the agreement contained in the condition of the bond, that the submission should be made a rule of court.    We are quite satisfied with the reasoning and authority of that case, from which it follows that the plaintiff was not bound to resort to his action upon the submission implied in the agreement to enlarge the time, but that he might sue directly upon the bond as carried along and incorporated in that agreement.

The judgment must therefore be reversed as to the defendant *Harwood*, and affirmed as to the defendant *Shumway*.