State vs. The United States Mutual Accident Association.

THE STATE, Respondent, vs. THE UNITED STATES MUTUAL ACCIDENT ASSOCIATION, Appellant.

*April 12 — June 1, 1887.*

INSURANCE COMPANIES, *liability for not filing annual statement:* PLEADING *in action against.*

1. The provision of sec. 1954, R. S., imposing a penalty upon every life or accident insurance company, doing business in this state, which fails to file the annual statement thereby prescribed, does not apply to a non-resident corporation which has not been licensed, though doing business here in violation of law.

## JANUARY TERM, 1887. 77

State vs. The United States Mutual Accident Association.

2. A complaint in an action to recover a penalty under that statute must allege that the defendant company has been licensed to do insurance business in Wisconsin, otherwise it will be fatally defective.

APPEAL from the Circuit Court for *Dane* County.

The action is one for the recovery of penalties under sec. 1954, R. S., for the failure of the defendant company to file the annual statements required thereby. The substance of the complaint appears in the opinion. The defendant demurs thereto on the ground, among others, that it does not state facts sufficient to constitute a cause of action. From an order striking out that demurrer as frivolous, the defendant appeals.

For the appellant there were briefs by *Finches, Lynde & Miller*, attorneys, and *Jenkins, Winkler, Fish & Smith*, of counsel, and oral argument by *B. K. Miller, Jr.*, and *E. P. Smith*. They argued, among other things, that secs. 1953, 1954, R. S., apply only to insurance companies duly licensed and lawfully doing business in this state, and the complaint is fatally defective in not showing that the defendant is such a company. The law is to be strictly construed; and this construction harmonizes the various sections of the statute relating to insurance companies. *Lawe v. Hyde*, 39 Wis. 345; *Benware v. Pine Valley*, 53 id. 527; *Susenguth v. Rantoul*, 48 id. 334; *Bigelow v. Johnson*, 13 John. 428.

For the respondent the case was submitted on the brief of *H. W. Chynoweth*. He contended that the statute (sec. 1954) makes no exceptions, but expressly applies to all life or accident insurance companies doing business here, whether licensed or not. Otherwise it applies to none, because a company which fails to file the statement required becomes unlicensed. That the company is doing business in violation of law is no defense.

Cole, C. J. The main question in this case is, does the complaint state a cause of action? The action is brought

to recover the penalty given by sec. 1954, R. S., for a failure to make and file in the office of the commissioner of insurance the annual statement of its business, etc., as required by that section.   The complaint alleges, in substance, that the defendant is a corporation, organized and existing under and by virtue of the laws of the state of New York, and as such has been continually, for five years last past, engaged in the business of accident insurance, having its principal office and place of business in the city of New York; also, as such accident insurance corporation, was, in the month of January, 1882, and has been down to and including the month of April, 1886, engaged in doing and carrying on the business of accident insurance in this state, and has issued its policies of insurance to residents and citizens of this state, insuring them against loss or damage occasioned by personal bodily injuries by accidents or otherwise, and has received premiums and assessments upon said policies, but has failed and neglected, during all this time, to make and deposit in the office of the commissioner of insurance the annual statement required by the statute, whereby it has become liable or indebted to the state in the sum of $26,000, according to the provisions of sec. 1954.   The objection taken to the complaint is that it does not allege or state that the defendant has been licensed to do business in this state.   This, it is claimed, is an essential allegation, because an unlicensed foreign corporation is not within the meaning or letter of the statute; consequently not liable for the penalty.

Sec. 1954 reads as follows: "Every life or accident insurance corporation doing business in this state shall, on or before the 1st day of March in each year, file in the office of the commissioner of insurance a statement of its business standing and affairs, signed and verified by the affidavits of the president or vice-president, and of the secretary (but, in case of a foreign corporation, it may be signed and verified

by the resident managing officer thereof in the United States), and covering the year ending on the preceding 31st day of December, and exhibiting the following facts and items." Then follow twenty-eight different items of information which must be embodied in the statement, and then is added this clause: "For any failure to make and deposit such annual statement, or to promptly reply in writing to any inquiry addressed by the commissioner of insurance in relation to the business of such corporation, or for wilfully making any false statement therein, every such corporation or officer, so failing or making such false statement, shall forfeit $500, and for every neglect to file such statement an additional $500 for every month that such corporation shall continue thereafter to transact any insurance business in this state until such statement be filed."

The inquiry, therefore, is, does this provision apply to and include a nonresident corporation which has not been licensed, or does it only apply to such as have the right and authority of doing business in the state? We are constrained to hold that it only applies to the latter class of corporations. There are a number of provisions of the statute that lead us to adopt this view. Sec. 1220 provides that every company transacting the business of life or accidental insurance in this state shall, on or before the 1st of March in each year, pay to the state treasurer, as an annual license fee for transacting such business, the sum of $300. Such license, when granted, shall authorize the company to which it is issued to transact business until the 1st day of March in the ensuing year, unless sooner revoked or forfeited according to law. Subsequent sections prohibit such a corporation from doing business unless it has a certain amount of paid-up capital, and has procured a license from the commissioner authorizing it to issue policies of insurance. Sec. 1947. The commissioner is authorized from time to time to examine the capital stock and assets of such company, and

value them according to a prescribed standard of valuation; and, when they are not equivalent to this valuation, he is to notify the corporation to discontinue issuing new policies until such time as its funds shall become equal to its liabilities. Sec. 1949. Every life or accident insurance company not organized under the laws of this state, before doing business therein, is required to deposit with the commissioner a copy of its charter, and a statement signed and verified by affidavit of the president or vice-president in the form prescribed for the annual statement mentioned in sec. 1954. Sec. 1953. Then follows the section in regard to the annual statement, and what it shall contain. By sec. 1955 it is provided if such corporation shall violate or fail to comply with any provision of law applicable thereto, or in case its capital shall be impaired, and shall not be made good within such time as the commissioner shall require, it is made the imperative duty of the commissioner to revoke any and every authority, license, or certificate granted to such corporation, or agent thereof, to transact business in this state, and no such agent or corporation shall thereafter transact any business of insurance in this state until again duly licensed. See ch. 240, Laws of 1880. There are other provisions, also, which make it a misdemeanor, punishable by fine of not less than $50 nor more than $500 for each offense, for an officer or agent to act for or in any manner aid a non-domestic insurance company in transacting its business without first procuring a certificate of authority from the commissioner as provided by law; and any person who solicits insurance on behalf of a corporation, or transmits an application for insurance or a policy other than for himself, or makes any contract of insurance, or collects any premium, is declared to be an agent of the corporation to all intents and purposes, unless it is shown that he renders his services gratuitously.

In view of these provisions for granting license to a non-

resident insurance companies to make contracts and issue policies which shall be legal, and for exercising visitorial power and control over them, to a great extent, by examining into their pecuniary condition, the value of their assets, etc., imposing penalties for a failure to reply in writing to an inquiry of the commissioner in relation to their business, or for failure to file the annual statements prescribed, we think it plain that the legislature was only intending to regulate such companies as had submitted to the jurisdiction of the state, filed copies of their charters, and procured the necessary licenses to transact their business. lawfully, and were not acting with reference to companies which had never submitted to its jurisdiction, and were not licensed to do business in the state. Waiving the question as to the power of the legislature to impose a penalty upon a non-domestic insurance company, which has never submitted to our laws or jurisdiction, of $500 for not promptly replying to an inquiry of the commissioner in relation to its business, or for failing to make an annual statement, or for making a false statement, still we think the legislature has not attempted to do this by the provision in question. Undoubtedly the legislature may prescribe the conditions upon which such corporations shall transact business within its limits; may compel them to procure licenses for the lawful transaction of such business; or may "exact such security for the performance of their contracts with its citizens as in its judgment will best promote the public interest. The whole matter rests in its discretion." *State ex rel. Drake v. Doyle,* 40 Wis. 176.

The learned counsel for the plaintiff says the words used in the statute, "every life or accident insurance corporation," are general, making no exceptions, and embrace both those corporations which have been doing business by complying with the laws of the state, and those which have been or are doing business in violation of the laws. True,

the words are comprehensive enough to include both classes of corporations; but the question is, do not all the provisions relating to the subject show that the section prescribing the penalty was intended to apply only to such corporations as had taken out licenses? In the next section we find the language, "if any such corporation" — plainly referring to those included in the previous section — "shall violate or fail to comply with any provision of the law applicable thereto, it shall be the imperative duty of the commissioner to revoke any and every authority, license, or certificate granted to such corporation." This language, by the strongest implication, indicates that it was corporations which had once been licensed which the legislature had in mind and was dealing with. It is said that it is highly absurd to suppose the legislature intended that those insurance companies which had never made a pretense of complying with the insurance laws of the state could do business here *ad libitum* without incurring any penalty whatever. But we have referred to those provisions enacted to secure obedience by insurance companies to the laws of the state,— the provision prohibiting a company from making contracts of insurance or issuing policies before it has obtained a license authorizing it to do so; also the one imposing a fine upon any agent or person who should aid in any manner an insurance company in transacting its business in this state without first obtaining from the commissioner a certificate of authority. If these provisions are not adequate or effectual to secure obedience to the laws on the part of non-resident companies, the remedy is with the legislature.

The counsel for the defendant argues that the words "doing business in this state" necessarily imply and refer to corporations which have the lawful right or authority to make contracts of insurance. The words, he says, are words of limitation, and clearly designate that class of corporations. As a general rule, laws are enacted to regulate

the rights and duties of the citizens of the state, including, of course, all corporations subject to its sovereignty. And the laws in regard to insurance are intended to regulate and bind such corporations as the state may exercise its jurisdiction over. But we fail to find that the laws in that matter were intended to regulate a nonresident corporation, or impose a penalty upon it for a neglect of duty before it has come within the state and placed itself upon the footing of a domestic corporation.

But it is further claimed in behalf of the plaintiff that this view of the statute is in direct conflict with the decision in *State v. United States Mut. Accident Ass'n*, 67 Wis. 624. The question in that case was whether there had been such a service of process as gave the court jurisdiction of the defendant. The summons had been served by leaving a copy with the agent of a foreign insurance company which had not obtained a license to do business in this state. Upon the facts of the case, the service was held to be good. The case is quite distinguishable from the one at bar. It is true, it is said in that case that sec. 1954 applies to every life or accident insurance company doing business in this state. This remark, however, must be considered in connection with the facts and case in which it was made. It was perfectly correct, considered in relation to the question decided there; but cannot control our judgment here, where the question is whether the last clause of sec. 1954, which imposes a penalty for a failure to do certain acts, applies to a nonresident corporation which has never been licensed to do business in this state. What was the subject-matter in the case above referred to does not appear. It might well be that it was a contract, the validity of which the company would be estopped from denying. But, whatever it was, for obvious reasons, the expression there made cannot control our judgment upon the question presented here. We must therefore hold that the complaint is defective, be-

cause it does not allege or state that the defendant had been licensed to do business in this state so as to bring it within the provision imposing the penalty sought to be recovered. Without noticing the other objections taken to the complaint, we think, for the reason above given, the demurrer to it should have been sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.