THE STATE, Respondent, vs. THE CITIZENS' .INSURANCE COMPANY OF MOBILE, ALABAMA, Appellant.

*March 7 — March 27, 1888.*

*Insurance corporations: Penalty for failure to file annual statement: Pleading: Unlicensed company.*

In an action to recover the penalty prescribed by sec. 1920, R. S., for failure by a foreign fire insurance corporation to file the annual statement therein mentioned, if the complaint undertakes to state the particular facts constituting the cause of action it must state all the material facts necessary to constitute such cause of action, including the fact that the defendant company was licensed to do business in this state.  So *held* on appeal from a judgment rendered on default.

APPEAL from the Circuit Court for *Dane* County. The case is sufficiently stated in the opinion.

For the appellant there were briefs by *Cotzhausen, Sylvester & Scheiber*, and oral argument by *Mr. F. Scheiber*.

*H. W. Chynoweth*, for the respondent.

ORTON, J.   This action is brought to recover the penalty provided for in sec. 1920, R. S., of $500, on account of the failure of the defendant company and its officers to prepare and deposit in the office of the commissioner of insurance a statement of the business of said corporation, etc., during the year, etc., required by said section, in the month of January, 1884, and of an additional $500 for every month thereafter. There was no appearance of the defendant company, and judgment was rendered, on default and proofs, for $16,500 and costs.   From that judgment this appeal is taken.

The only error assigned is that the complaint failed to state a cause of action against said company for the penalty provided for in the above section.   There can be no question but that the decision in the recent case in this court, of *State v. U. S. Mut. Accident Ass'n*, 69 Wis. 76, rules this case.   The two cases are substantially alike, *mutatis mutandis*, and the provisions of the statute relating respectively to these two kinds of insurance companies are *in pari materia*.   The learned counsel of the respondent concedes that sec. 1920, relating to foreign fire insurance companies, and sec. 1954, R. S., relating to foreign life or accident insurance companies, are substantially alike.   The other sections referred to in the opinion in that case to sustain the construction given to sec. 1954, that it related only to foreign companies that had been licensed to do business in this state, are substantially the same as other sections respecting the latter companies.   In both cases the same foreign insurance companies that are required to file such statement and are liable to the penalty for failure to do so, are made liable to have their *licenses* or *certificates authorizing them to transact business in this state revoked* by the commissioner.

But it is contended that said case, aside from the above substantial similitude to the present case, does not rule this case, in consequence of certain legal principles applicable to the form and manner in which the same defect of the

complaint is sought to be taken advantage of in this case. That case was decided on demurrer to the complaint for not stating a cause of action. Here it is sought to reverse the judgment on the same ground. And it is contended: (1) That it was an admitted fact in the other case that the insurance company had never procured a license. Such an admission may have been made by the learned counsel himself, but it is very certain that this court did not decide the question raised by the demurrer in view of any such admission. The chief justice opens the opinion in that case by saying: "The main question in this case is, Does the complaint state a cause of action?" That was the only question decided, and it was not and could not have been decided upon any such admission of fact. The learned counsel properly says that there is no such admission in this case. If there was any such admission on the argument of this appeal, it certainly would not and could not be considered, for it is foreign to the only question here, which is precisely the same as it was in the other case,— Does the complaint state a cause of action? In *K—— v. H——*, 20 Wis. 239, the judgment was reversed because the complaint did not state a cause of action, although the material facts omitted from the complaint were proved upon the trial without objection. The complaint must state all the material facts necessary to entitle the plaintiff to recover, or the judgment for that reason will be reversed, whether it was rendered on default or on trial. The complaint must support the judgment, or it has no foundation whatever, and should be reversed. This has been so many times decided in this state as to have become elementary. *Larkin v. Tibbitts*, 1 Wis. 500; *Goodrich v. Compound School Dist.* 2 Wis. 102; *Johnson v. Johnson*, 4 Wis. 135; *Harris v. Harris*, 10 Wis. 467; *Thurber v. Jones*, 14 Wis. 16; *Hays v. Lewis*, 17 Wis. 210; *Brookins v. Shumway*, 18 Wis. 98; *Smith v. Whitney*, 22 Wis. 438; *Fifield v. Marinette Co.* 62 Wis. 532.

(2) It is contended that the complaint is sufficient because, according to sec. 3295, R. S., it need state only "that the defendant is indebted to the plaintiff in the amount of the forfeiture claimed, according to the provisions of the statute which imposes it, specifying the section and chapter containing such statute," and the complaint does so state. After a particular statement of all the facts deemed sufficient to constitute a cause of action, the complaint closes as follows: "*Thereby* the defendant has become, and still is, indebted to the plaintiff in the sum of $16,500, according to the provisions of sec. 1920, ch. 89, R. S. 1878." This is a mere conclusion from the facts before stated. "*Thereby*," that is, by or from the previous statement of facts, "the defendant has become, and still is, indebted," etc. When the complaint undertakes to state the particular facts constituting the plaintiff's cause of action, it must state every material fact necessary to constitute a cause of action. *Teetshorn v. Hull*, 30 Wis. 162. In *State v. Egerer*, 55 Wis. 529, the pleading is very similar, and the conclusion only refers to the statute as in this case. After a particular statement of the facts to show that the defendant had become liable to the forfeiture or penalty, it closes as follows: "That the defendant *thereupon* became indebted to the plaintiff in the sum of fifty cents a day from and after and since the 5th day of November, 1881, according to the provisions of secs. 1330, 1331, R. S." The cases are alike in this respect. Mr. Justice LYON says, in the opinion: "The complaint assumes to state the specific grounds of the action. . . . If, therefore, those facts do not constitute a cause of action, the demurrer was properly sustained." This precise question having been so recently decided by this court, we need not look elsewhere for authority. But I understand this to be the rule of all the courts. This form of pleading was the same in *State v. U. S. Mut. Accident Ass'n, supra*. After stating the facts specifically, it

closes by a similar conclusion: "*Whereby* it has become liable or indebted, etc., according to the provisions of sec. 1954," etc. And yet the complaint was held not to state a cause of action.

The third and fourth positions assumed by the learned counsel may be considered together: (3) That the defendant insurance company was not licensed implies a negative that the plaintiff need not aver, but which must be proved by the defendant; and (4) that the complaint should receive a liberal construction, and that the averment of "doing business in this state" implies lawful authority. This last suggestion was made and disposed of in the other case. There is no such rule as allows a complaint upon an appeal from the judgment to be more liberally construed as to material averments than upon a demurrer. This is an action for a penalty, and every fact necessary to show that the defendant has incurred the penalty must be stated. Such material facts cannot rest in presumption or mere inference, or appear by implication. There is no rule of liberal construction that will dispense with the statement of every fact that creates the liability. In this case the complaint should have stated all such facts as are necessary to show that the defendant company or its officers were required to make such annual statement, the failure to make which would make the company and its officers liable to the penalty. The company was not required to make such statement unless licensed to do business in this state. Therefore such material and essential fact must be stated. It is not a negative, but a positive, averment. In the case of *State v. Egerer*, 55 Wis. 529, the fact necessary to be stated to make the defendant liable to the penalty was that he had been notified in a certain way to remove the encroachment. Mr. Justice Lyon says: "The question is, therefore, whether the facts stated *specifically* in the complaint show a cause of action against the defendant for the penalty claimed. A person is liable to the penalty of the statute

only when he fails to remove the encroachment within thirty days after the supervisors' order to do so is served upon him." This allegation was absent from the complaint, and it was therefore held insufficient. So here, the company was required to make such statement, and became liable to the penalty for not making it, only after being *licensed* to do business in this state, and therefore such fact must be stated. The cases are alike in principle. In *Jensen v. State*, 60 Wis. 577, the complaint was held not good against the defendant for the penalty, because it did not state that he was engaged in the business of selling or retailing intoxicating liquors. His *status* in this respect, that brought him within the statute, was not stated. So here, the *status* of the company as a *licensed* company is not stated. "The plaintiff must show facts bringing the case *clearly* within the terms of the statute fairly and reasonably construed." *Allen v. Stevens*, 29 N. J. Law, 509; *Verona C. C. Co. v. Murtaugh*, 50 N. Y. 314. "The conditions upon which the penalty attaches must be affirmatively shown to have existed." *Comm'rs of Pilots v. Vanderbilt*, 31 N. Y. 265. "If the penalty is imposed for conduct or neglect in a particular *capacity*, it must be stated that the defendant was acting in that capacity." *Trowbridge v. Baker*, 1 Cow. 251; Abb. Tr. Ev. 771.

This is sufficient to dispose of the positions assumed by the learned counsel of the respondent in his brief and urged by his able and plausible argument to show that this case is not ruled by the previous decision. The complaint is fatally defective for not having shown that the defendant company was authorized by license to do business in this state, and therefore required to make the statement provided for in sec. 1920, R. S., and liable for the penalty fixed in said section for the failure to do so.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.