ALBANY,
October, 1829.

Wormouth
v.
Cramer.

In *slander* where the words are spoken in a foreign language, the proper mode of declaring is to state the words in the foreign language, and to aver the signification of them in English, and that they were understood · by those who heard them.

This was an action of slander, tried at the Herkimer circuit in September, 1828, before the Hon. Nathan Williams, one of the circuit judges.

The declaration alleged the words to have been spoken by the wife of Cramer, charging the wife of Wormouth with having stolen a fine lawn cap. The words were set forth in the declaration in the English language. They were proved to have been spoken in the German language. The persons who heard the speaking understood the German language. The counsel for the defendant moved that the plaintiffs be nonsuited, insisting that the words should have been set forth in the declaration in the German language, or it should have been alleged that they were spoken in that language, and that they were understood by those who heard them. The motion was granted, with leave to the plaintiff to apply to set aside the nonsuit, which application was now made.

*M. Hoffman*, for plaintiff. Where the slander is *written*, the words may be set forth in a foreign language; but where it is *oral*, it is often impracticable. I know no case where it has been held that proof of the words in a language different

from that stated in the declaration has been held a variance. A contract stated in a declaration in English, is supported by proof of a contract in another language.

*L. Ford,* for defendant, cited Cro. Eliz. 865, 496, 645; 3 Maul. & Selw. 110.

*By the Court,* SAVAGE, Ch. J. The rule is, that words proved must be proved as laid; that is, substantially so; and it is not enough to prove words of similar import. How can this rule be complied with when words are laid in one language and proved in another? This is emphatically proving words of similar import. The judge at the circuit was correct in nonsuiting the plaintiff for a variance. The cases cited by the defendant's counsel shew that the proper mode of declaring is to state the words in the foreign language, and to aver the signification of them in English, and that they were, understood by those who hear them. (Starkie on Slander 85, 308.) This was done in the case of *Demarest* v. *Haring,* (6 Cowen, 76,) though no question on that point arose in that case.

Motion to set aside nonsuit denied.