## ZEIG vs. ORT and another.

1. SLANDER PLEADING.— Slanderous words should be set out in the language in which they were uttered, with an English translation of their import, otherwise the variance will be fatal and a nonsuit will be granted.

2. SAME.—In an action for slander the declaration should set out the words

that are material to support the action and the proof must substan tially conform to the allegations, or there will be a fatal variance; but it is not necessary to allege or prove all the words used, if the words alleged and proved are actionable.

ERROR to the Circuit Court for *Grant* County.

This was an action of slander brought by the defendants in error against the plaintiff in error, for slanderous words spoken, and published of and to the plaintiff's wife.

On the trial below it appeared in evidence that the words charged in the declaration were spoken in the German language. The declaration set forth the words in English. It was proved that the words spoken by the defendant were understood by the persons who were present at the time they were uttered.

After the plaintiffs had closed the evidence in the case, the defendant moved for a nonsuit, on the ground of variance between the declaration and the evidence, in this, that the words, though spoken in the German language, should have been set forth in *that* language, and accompanied with an English translation; and that there should have been an averment in the declaration that those who heard the words understood their import. This motion was overruled, and the plaintiff's counsel excepted. No evidence was offered by the defendant; and the jury returned a verdict for five hundred dollars damages.

After verdict, the defendant's counsel moved the court upon the points before raised for a new trial, and also in arrest of judgment, which motions were overruled.

*Cole & Biddlecome*, for plaintiff in error:

1. The words spoken in the German language should have been set out in the declaration in that language, accompanied with an English translation, and it should have been averred that the hearers understood their import. Starkie on Slander, 267, 268; Cooke on Defamation, 87, 88; 6 Term, 162; 3 Maule & Sel., 110; 3 Wend., 394; 3 Watts, 28; 6 Cowen, 76; 5 id., 513; 8 Mass., 122; 1 Binn., 393; Cro. Eliz., 496, 865; Starkie on Slander, 265.

*Ben. C. Eastman,* for defendant in error, argued that the testimony on which the action was founded, was admitted without objection, and that no exception could now be maintained.

JACKSON, J.    Two questions arise in this cause.

1st. Was there a material variance between the plaintiff's declaration and his proofs ?

2d. Was the declaration itself substantially defective ?

Both of these points must be settled by the weight of authority; first, as to the question of variance.    On this point there can be no question, that since the leading case of *Zenobio v. Axtel,* 6 Term, 162, the uniform current of authority has been that where the slanderous words were spoken in a foreign language, they should be set out in the declaration in the original language, with an English translation, showing their application to the plaintiff.    1 Starkie on Slander, 324 ; 2 Phillips' Ev., 236 ; *Wormouth v. Cramer,* 3 Wend., 394.

The case of the *Queen v. Dr. Drake,* in which a contrary doctrine was impliedly held by HOLT, C. J., has been overruled. 1 Starkie on Slander, 323.

In the case at bar, the slanderous words alleged to have been spoken were set forth in the declaration in the English language.    It was proven by all the witnesses on the trial, at the circuit, that the words were spoken in the German language. Here, according to the authorities which we have cited, was a fatal variance between the declaration and the proofs.    The case of *Wormouth v. Cramer,* 3 Wend., 394, is an authority directly in point.    In that case the words were set forth in the declaration in the English, and they were proved to have been spoken in the German language.    A nonsuit was granted by the judge who tried the cause, on motion of the defendant's counsel, on the ground of variance.    This ruling was affirmed by the supreme court of New York, and is in conformity both with the English and American decisions.

2d. Is the declaration defective in not averring that those

who heard the slanderous words understood them? We have no doubt that such an averment is necessary where the words are spoken in a *foreign* language. Mr. Starkie, in his treatise on the law of slander, (vol. 1, p. 322), upon the subject, holds this language: "If the words be spoken in a foreign language, an averment is necessary to show that the hearers understood them; and even where Welsh words were averred to have been spoken in Monmouthshire, which was once part of Wales, judgment was arrested after verdict for the plaintiff, because it was not averred that they were spoken before Welshmen, or those who understood the Welsh tongue."

The rule as laid down by Mr. Starkie is now well settled. *Wormouth v. Cramer*, 3 Wend., 394; 2 Greenl. Ev., 397.

Another point has been raised in this cause of great importance, involving, in cases of oral slander, both the manner of pleading and the mode of proof. It is, first, whether the declaration should set out the precise words themselves, or whether it will be sufficient to set out the substance of them; and second, if the words themselves be set out, whether it will be sufficient upon the trial to prove the substance of them only? Both of these questions have given rise to conflicting decisions. It was held by Lord HARDWICKE in the case of *Nelson v. Dinie*, which is cited with approbation by PARKER, Justice, in *Nye v. Otis*, 8 Mass., 126, that "in an action for words, you may either lay the particular words spoken, or set out the substance of them; and if the substance, as that the defendant charged the plaintiff with such or such a crime, it is sufficient to prove the substance of the words; but where the very words are laid, they must be proved as laid."

In the case of *Fox v. Vanderdeck*, 5 Cowen, 513, it is held, in accordance with the doctrine laid down in *Cooke v. Cox*, 3 M. and S., 110, that the words in which the slander was conveyed must be stated in the declaration and substantially proved. In *Cooke v. Cox*, the court, in referring to the language attributed to Lord HARDWICKE in *Nelson v. Dinie*, observe,

that what was supposed to have been said by Lord HARD-
WICKE, was founded in a mistake.

In *Miller v. Miller*, 8 Johns., 59, the court recognize the doc-
trine laid down in Butler's *Nisi Prius*, that it is sufficient to
prove the substance of the words and the sense, as well as
manner of speaking them. This doctrine must, however, be
received with some qualification, if not regarded as virtually
overruled. 2 Phillips' Ev., 236, note 4. Mr. Starkie (Starkie
on Slander, vol. 2, p. 327,) says, "in case of words spoken as
well as written, it has been held to be necessary to set out the
words themselves." And that, in oral slander, although *all* the
words need not be, yet the material words must be proved as
laid. It is not sufficient to prove equivalent words of slander.
The same rule is recognized by Mr. Phillips (Phillips' Ev.,
236); where, however, all the words, as laid, constitute but
one charge, the whole must be proved. 2. Starkie on Slander,
234; 2 Phillips' Ev., 236; 2 Greenl. Ev., 393.

The true rule then, in cases of oral as well as of written
slander, both upon the weight of authority and upon sound
principles of reasoning, we hold to be this: That the declara-
tion should set out the words themselves in which the slander
was conveyed, and that the material words must be proved as
laid. *Cooke v. Cox*, 3 M. & S., 110; *Fox v. Vanderdeck*, 5 Cow.,
513; *Nestle v. Van Slyck*, 2 Hill, 287; 12 Serg. & R., 427; 2
Phillips' Ev., 236, note 4.

Judgment reversed.