K——— vs. H———.

## K——— vs. H———.

*Complaint in Slander, words spoken in German—Amendment of complaint at or after trial—Reversal of judgment, where cause of action is not alleged, but proven.*

| | |
|---|---|
| 20 | 239 |
| 82 | 74 |
| 20 | 239 |
| 83 | 383 |
| 20 | 239 |
| 92 | 200 |
| 20 | 239 |
| 104 | 442 |

1. A complaint for slander, where the words are alleged to have been spoken in German, should also aver that they were understood by those who heard them.
2. In slander for words spoken in German, the complaint set forth the same in German with an English translation. *Held,* that even if the German words were actionable, yet if those used in the translation are not, the complaint does not show a cause of action.
3. The word "bitch," when applied to a woman, though a word of reproach, does not charge the crime of adultery or prostitution, and is not actionable.
4. Words charging a married woman with seating herself upon the lap of a man other than her husband, and desiring him to have carnal intercourse with her, and insisting upon it, do not charge her with the *act* of adultery, and are not actionable *per se.*
5. The provisions of the statute (secs. 37 and 40, ch. 125, R. S.) in respect to the amendment of a complaint at or after the trial, in case of a variance, do not apply to a case where the complaint does not state a cause of action. DIXON, C. J., dissents.
6. A judgment for plaintiff should be reversed where the complaint does not state a cause of action, although the objection was not taken in the court below, and a cause of action was shown by the evidence, admitted without exception. DIXON, C. J., dissents.

APPEAL from the Circuit Court for *Dodge* County.

This was an action for slander, brought by *V. K.*, and his wife, *S. K.* The complaint, after stating the marriage of the plaintiffs, the good character and reputation of the plaintiff *S. K.*, &c., alleges "that the defendant, well knowing the premises, but contriving and maliciously intending" &c. &c. [here follow specifications of time and place, and names of the persons in whose presence the words are alleged to have been spoken], "did speak, publish and declare in the German language, of and concerning the said plaintiff *S. K.*, the false, iniquitous, scandalous and malicious words, to wit: [Here follow the words in German, with an English translation and inuendoes, the essential parts of which are as follows] : *Mrs. K.* (the plaintiff *S. K.* meaning) took a ride with him (defendant meaning) from Waupun to his farm in a buggy. *Mrs. K.* (the plaintiff *S. K.*

meaning) sat in his lap, and wanted him (defendant meaning) to screw her (meaning thereby, to have carnal intercourse with her). She insisted upon it absolutely. He (defendant meaning) could not do it, she stunk so much * * * the red-headed bitch—which the said defendant repeated several times; he, the said defendant, meaning thereby that the said plaintiff *S. K.*, was guilty of open and gross lewdness and lascivious behavior, and was and is a common prostitute." The German word translated "bitch," is "Mensch." The complaint proceeds: "By reason of the speaking, publishing and uttering of which false, scandalous and malicious words, the said plaintiff *S. K.* is greatly prejudiced in her good name, fame, credit, reputation and character, and upon hearing of said false and scandalous report so made by defendant, she became depressed in spirits, mortified, and for a time partially deranged, and unable to enjoy the pleasures of social and domestic life as usual. Wherefore the said plaintiffs say that they have sustained damage," &c. &c.

The answer admits the marriage of the plaintiffs, but denies the speaking of the words charged, so far as they are important here.

On the trial, the complaint was amended so as to allege that the words charged were understood by the persons in whose presence they were spoken. There was evidence to sustain the allegations of the complaint. There was also evidence that "the word '*Mensch*' signifies, in the German language, a woman of very low character, and may mean a whore or not, depending on the connection in which the word is used." No actual damages were shown. The court instructed the jury that if they found that the words charged were spoken as alleged, and that the defendant thereby intended to charge and did charge *Mrs. K.* with being a prostitute or whore, such words are actionable of themselves, and it was not necessary to prove special damage; that no proof of special damage having been made, the plaintiffs could not recover unless the words were

actionable *per se;* that none of said words were actionable of themselves, unless it might be the word "*Mensch*," and whether this were so depended on the sense in which the defendant intended it should be understood; that if they should find from the connection in which the word was used, that the defendant did not intend to charge *Mrs. K.* with being then a prostitute, but only a woman of lewd manners and disgusting habits, then no recovery could be had; that it was not enough to find that he meant she was guilty of such acts as a prostitute might commit, but the jury must find that he meant to charge and did charge that she was a prostitute.

Verdict for the plaintiffs for $300; motions in arrest of judgment, and for a new trial, overruled; and judgment upon the verdict; from which the defendants appealed.

*Billinghurst, Lewis & Fribert,* for appellant, cited 1 Starkie on Slander, 22, 24, 38, 41; R. S., ch. 119, sec. 20; *Zeig v. Ort,* 3 Chand., 28; *Brooker v. Coffin,* 5 Johns., 188; *Young v. Miller,* 3 Hill, 21; *Benaway v. Conyne,* 3 Chand., 214; *Montgomery v. Deeley,* 3 Wis., 709; *Chase v. Whitlock,* 3 Hill, 139; Saunderson Pl., Vol. 2, Pt. 2, 902.

*Ware & Ryce,* for respondents, cited *Ranger v. Goodrich,* 17 Wis., 78; 1 Starkie on Slander (Phil. Ed.), 44, 45, 57, 59; 3 id., 240. The strict rule of proof formerly applied to this action has been abrogated by the code. R. S., ch. 125, sec. 33. This applies to cases of slander. Van Santvoord's Pl., 829; 3 Phillips on Ev., 236.

DOWNER, J. Does the complaint state facts sufficient to constitute a cause of action? The alleged slanderous words were spoken in German, and a translation is given in the complaint. In determining whether the complaint is defective or not, we must be governed by the translation into English. If the plaintiff in his translation has rendered a foreign word of an actionable sense, by an English one whose meaning is not ac-

tionable, the complaint is defective, and the judgment under the former practice would be arrested. Starkie on Slander, vol. 1, p. 412.

It was urged at the argument, that because it was proved on the trial that the word in German which was translated into English by the word "bitch," had two meanings in German, corresponding to the English words "bitch" and "prostitute," and it was left to the jury to say in which sense the word was used, and they found that it was used in the sense of prostitute, the complaint ought to be considered as good; or if not, that it might be now amended. But if the rule we have cited from Starkie is correct, the complaint must be tested by the English translation; and testing it by that, it is clear to us that the word "bitch" has not any such meaning as prostitute. It is used as a term of reproach when applied to a woman, but not to charge the crime of prostitution. Nor do we think the innuendo which is added to all the alleged slanderous words can extend the sense of those words so as to make them charge the crime of adultery or prostitution, as there are no appropriate introductory averments of which the innuendo is explanatory, or to which it refers. 1 Starkie on Slander, 422, 431; *Van Vechten v. Hopkins*, 5 Johns., 220. By themselves, without any innuendo, they clearly charge the desire on the part of *Mrs. K.* to commit the crime of adultery, but not the act. The alleged slanderous words, then, charged her with no crime, and the complaint does not, therefore, state facts sufficient to constitute a cause of action.

The complaint is also defective in not averring that the words spoken in German were understood by those who heard them. *Wormouth v. Cramer*, 3 Wend., 394; *Zeig v. Ort*, 3 Chand., 29. It is obvious that this case is not within the provisions of the code respecting amendments of the complaint in case of variance. That applies only where there is a cause of of action set out in the complaint. Here there is none.

If the judgment can be affirmed at all, it must be on the

K—— vs. H——.

principle of those New York decisions which hold that however defective the complaint may be, if the evidence makes out a good cause of action, and no exception is taken to its introduction because of the insufficiency of the complaint, and the question of its sufficiency is not raised in the court below in any other way, the defect cannot be taken advantage of on appeal. See *Mosselman v. Caen*, 34 Barb., 66; *Pope v. Dinsmore*, 8 Abb., 429; 6 Barb., 557; *Hunt v. Bloomer*, 13 N. Y., 341. The construction given to the New York code by these decisions appears to be, that questions whether of fact or law can only be reviewed or raised in the appellate court where they have first been raised in the court below, and exceptions have there been taken to the ruling of the court. But this has never been our practice. Both before and since the adoption of the code in this state, this court has reversed judgments of circuit courts for defective declarations or complaints, even when the question of their sufficiency had never been raised at the trial, or at all in the courts below. *Johnson v. Johnson*, 4 Wis., 135; *Thurber v. Jones*, 14 Wis., 16. And this practice is clearly recognized and provided for in secs. 11 and 15, chap. 264, Laws of 1860.

*By the Court.*—The judgment of the circuit court must be reversed, with costs, and the circuit court is directed to dismiss the action.

DIXON, C. J., dissents.

A motion for a rehearing was denied, and the following opinion filed.

DOWNER, J. In the argument of the motion for a rehearing, our attention is called to the fact that leave was given on motion in the circuit court to amend the complaint, so as to aver that the words spoken in German were understood by those who heard them. The record shows this, and so much of the former opinion as is based on the want of such averment was

K——— vs. H———.

written, of course, under a mistake of facts. But the main objection, that the complaint does not set out words charging a crime, remains.

We are referred to the case of *Lounsbury v. Purdy*, 18 N. Y., 520, where it was held that a complaint which omits facts essential to a cause of action, if those facts were proved at the trial *after the judge refused to dismiss the complaint*, may be amended under that provision of their code which is the same as sec. 37, ch. 125 of our revised statutes; and that although the complaint was not in fact amended, the defect could not be taken advantage of on appeal.

If that decision is correct, then it would follow that if the cause had been taken without a case or bill of exceptions to the court of last resort by appeal or writ of error, the judgment must have been affirmed, although the complaint set out no cause of action whatever, and there was nothing to show what testimony was given on the trial. For the presumption is in favor of the validity of the judgment, and that presumption could not be rebutted or controlled by showing a bad or defective complaint; because if there was evidence that made out a good cause of action, it would cure the complaint; and that being so, such evidence would be presumed; otherwise a judgment might be reversed without a case or bill of exceptions which could not be with one. If the doctrine in the case of *Lounsbury v. Purdy* is to prevail, I do not see what need there is, after judgment, of any complaint; for if a complaint which shows no cause of action whatever may be sustained because the evidence is sufficient, why not decide that after judgment it is a matter of indifference whether there are any pleadings or not, and that this court should be governed entirely by the evidence and exceptions as to its competency in determining whether the judgment should be reversed or affirmed? But it is said the statute authorizes the pleadings to be conformed to the facts proved when the claim or defense is not thereby *substantially* changed. Is not a sub-

stantial change of the complaint also a substantial change of the claim ?    Is not the change of a claim from an invalid to a valid one—from a claim which the plaintiff has no legal right to enforce, to one which he has a legal right to enforce— a *material*, a *substantial* change ?    It appears to us that it is.    We are not inclined to follow the New York decision, even as to the construction of sec. 37, above cited.    We have, however, other statutory provisions than that.    Section 15, ch. 264, Laws of 1860, provides that "it shall only be necessary to cause a bill of exceptions to be settled and made a part of the record in cases where the party desiring to appeal, or sue out a writ of error, may desire to have reviewed in the supreme court any alleged error which, without such bill of exceptions, would not appear on the face of the record."    This clearly shows that substantial defects in the pleadings may be taken advantage of on appeal, without a bill of exceptions. We think the former rule respecting pleadings defective in substance has not been repealed, and should not be departed from.

The motion for a rehearing must be overruled.

DIXON, C. J.    No decision is an authority upon a point which is passed unobserved.    The point that there was no exception in *Thurber v. Jones*, 14 Wis., 16, was not made by counsel, and I know was not observed or considered by the court.    I refer to the case of *Tomlinson v. Wallace*, 16 Wis., 224, where the point *was* made in this court, and decided the other way.    See also *Mead v. Bagnall*, 15 Wis., 162, where the court took the same view of the law as in *Tomlinson v. Wallace*. Mr. Justice PAINE said it was difficult to see how the appellant could raise the objection in this court for the first time on appeal, without even having appeared in the court below.    And see likewise *Bogert v. Phelps*, 14 Wis., 88, in which it was expressly decided that this court will review no questions in a cause which were not fairly presented for the consideration of the court before which the action was originally tried.

The courts of New York have held with singular unanimity of opinion, and I think rightly, that under the code, after trial upon the merits and verdict or judgment, objection cannot be taken to the sufficiency of the complaint upon appeal, no objection and exception having been taken at the trial or in the court below. The reason is obvious, and well stated in some of the decisions. A party cannot lie by, withhold his objecions at the trial, allow the plaintiff to come in with his proof, and take his chances of defeating him on the merits; and then, if he is beaten, come here to object for the first time that the complaint is defective. If the objection had been taken at the trial, it might have been obviated by amendment. Such a course of proceeding is contrary to the whole spirit of the code, which discourages dishonesty and unfairness among practitioners and parties. Some of the authorities are cited in my opinion in *Robbins v. Deverill, ante,* p. 146, and also in the opinion of the majority in this case. For convenience I repeat them here: *Mosselman v. Caen,* 34 Barb., 66; *S. C.,* 21 How. Pr. R., 248; *Pope v. Dinsmore,* 8 Abb., 429; *Carley v. Wilkins,* 6 Barb., 557; *Hunt v. Bloomer,* 6 N. Y., 341; *Johnson v. Whitlock,* id., 345; *Magie v. Baker,* 14 N. Y., 435; *Weed v. N. Y. & Harlem R. R. Co.,* 29 N. Y., 616; *Morton v. Pinckney,* 8 Bosw., 135; *Bowdoin v. Colman,* 6 Duer, 186; *Halsey v. Black,* Ct. of Appeals, 26 How. Pr. R., 97, 102; *Sharp v. The Mayor &c..,* 25 id., 392–3; *Lounsbury v. Purdy,* 18 N. Y., 520–21. The three last cases relate more especially to the power of amendment.

How my brethren can say that there is no power of amendment in this case, is certainly beyond my comprehension. The statute, section 37, chap. 125, R. S., confers it in so many words —"*by inserting other allegations material to the case.*" It may be done either before or after judgment; and I cannot but agree with the Court of Appeals in *Lounsbury v. Purdy,* that the power exists as to any *material* allegation which does not change substantially the claim of the plaintiff.

Again, it seems to me that the decision is in palpable viola-

tion of section 40 of the same statute. That section provides that the court *shall*, in every stage of the action, disregard *any* error or defect in the pleadings or proceedings which shall not *affect the substantial rights* of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect. What substantial right of the defendant has been affected by reason of the omission or defect in the complaint, that he should have the judgment reversed after a full and fair trial upon the merits, at which he took no exception—is more than I can see. As to section 15, chap. 264, Laws of 1860, it is clear to me that it has no application to this question. It applies to appeals from judgments and orders on demurrer, and other orders, where a bill of exceptions is unnecessary. Such judgments and orders may be *reviewed* without a bill of exceptions; but there can be no *review* in this court of a question which was never made or decided in the court below.

For these reasons I cannot assent to the decision of the majority in this case, but am of opinion that the judgment of the court below should be affirmed.

*By the Court.*—The motion for a rehearing is denied.