SIMONSEN VS. HEROLD COMPANY and another.

*November 26 — December 16, 1884.*

*Libel in foreign language: Pleading: Manager of newspaper.*

1. In an action for a libel published in a foreign language, if the com-
plaint does not, besides the original publication, give an exact trans-
lation thereof, but only the signification thereof in English, it
must further allege that the persons to whom the alleged libel was
published understood it in that sense.

2. A complaint alleging that one of the defendants is the principal
proprietor of a corporation owning and publishing a newspaper,
and that he is manager of the paper, does not show that he is in-
dividually responsible for a libel published in such newspaper.

APPEALS from the Circuit Court for *Milwaukee* County.
This action was brought to recover damages for an alleged
libel. The case comes to this court on appeals from two
orders of the circuit court overruling the separate general
demurrers of the two defendants to the complaint. The
complaint alleges that the defendant the "*Herold Com-*
*pany*" was and is a duly organized corporation of this state,
and the owner, publisher, and proprietor of a newspaper
printed and published daily in the German language in the
city of Milwaukee, called "*Der Herold*," and that the de-
fendant *Coleman* was and is the principal proprietor of said
*Herold Company*, and interested in and proprietor and man-
ager of said newspaper; that on March 24, 1883, the defend-
ants maliciously published concerning said plaintiff, in said
newspaper, in the German language, and circulated the
same, a certain false and defamatory article. Such article is
then set out in the complaint in the German language, and
is followed by the following averment: "Which said false,
scandalous, and defamatory words, matters, and things so
as aforesaid published in the German language, as above
mentioned and set forth, being translated into the English
language, were and are of the same signification and mean-

Simonsen vs. Herold Company and another.

ing as these English words, matters, and things following; that is to say,"— Then follows the alleged translation into English of the article complained of. The complaint closes with an averment that, " by reason of the publication of the false, scandalous, and defamatory matter aforesaid, which was read and understood by a great many persons, the plaintiff was injured," etc.

For the appellants there were briefs by *E. P. Smith, Nath. Pereles & Sons,* and oral argument by *Mr. J. M. Pereles.*

For the respondent the cause was submitted on briefs by *Charles M. Bice.*

LYON, J. The law is well settled that in an action for libel published in a foreign language the complaint must contain the alleged libelous article in the language in which it was published, and an accurate translation thereof into English. *Zeig v. Ort,* 3 Pin. 30. If it fails in these respects, the defect may be reached by general demurrer. The general rule undoubtedly is that the complaint should aver that the translation is an accurate rendering of the original. If it is allowable in any case to set out in English the signification and meaning only of the original publication, the complaint should contain a further averment that the persons to whom the alleged libel was published understood it in that sense. If the complaint purports to give an exact translation of the original publication, it will doubtless be presumed that such persons understood it in the sense of the translation.

The complaint does not purport to give an exact translation of the article complained of, and it does not allege that the persons to whom it was published understood it in the sense of the translation. It was said in the argument that the demurrers were overruled on the authority of a precedent in Odgers on Libel and Slander, 626 (No. 30). But this complaint does not follow that precedent. The aver-

ment therein contained is as follows: "The said words, being translated into the English language, have, *and were understood by the persons to whom they were so published to have,* the meaning and effect following; that is to say:" The precedent then contains a direction to set out a literal translation of the libel in the English language. The words in italics are not in this complaint; hence the complaint may be true, and still the persons to whom the alleged libel was published may have understood the publication in a sense not libelous. This would be an anomaly in pleadings which cannot be tolerated.

It may be sufficient to plead in the above form, but the safer and better course is to aver that the translation set out in the complaint is correct, and that the persons to whom the original libelous article was published understood it in the sense in which it is rendered in such translation.

We do not mean to say that the collocation of words in the translation should be the same as in the original. Manifestly, the translator may have regard to the different idioms of the two languages in his rendering of the original into English, without impairing the accuracy of the translation.

We conclude, therefore, that the complaint is defective in the particulars indicated. We think those defects go to the substance of the complaint, and hence that both demurrers should have been sustained.

As to the defendant *Coleman* there is another apparent defect in the complaint. The libel was published in a newspaper owned, controlled, and published by the corporation defendant. The only averments which can be claimed to connect the defendant *Coleman* with the publication, or in any manner to make him responsible therefor, are that he is a principal proprietor of the corporation (which can mean nothing more than that he is a large stockholder therein), and that he is manager of said newspaper. Of course, he is not individually liable to respond in damages for the alleged

libel merely because he is such stockholder, and the aver-ment that he is manager of the newspaper does not neces-sarily import that he controls its columns. It may be that he is only the business manager thereof, without such con-trol. The complaint should contain an averment showing with more certainty that he is individually responsible for the contents of the newspaper.

*By the Court.*— Both orders appealed from are reversed, and the cause remanded to the circuit court with directions to sustain the demurrers.