Singer vs. Bender.

---

SINGER, Respondent, vs. BENDER, Appellant.

*September 23 — October 13, 1885.*

SLANDER: PLEADING. *(1) Innuendo: Enlarging meaning of words. (2) Words injuring business. (3) Averment of correct translation.*

1. A complaint in an action for slander alleged that the plaintiff was a butcher and keeper of a meat market, and that the defendant spoke of and concerning him and his business, the words " That S. (the plaintiff meaning) had taken an unborn calf from a dead cow,

dressed it, and sold a quarter of it to Mrs. Z. (meaning that this plaintiff had taken an unborn calf from a dead cow, dressed it for his meat market, and sold a quarter of it to Mrs. Z. as food for herself and family to eat)." *Held*, that the innuendo does not enlarge the meaning of the words spoken.

2. Words which tend directly to the prejudice of a person in his trade or business are actionable although they do not impute a crime.

8. A complaint for slander alleged that the defendant spoke certain words in the German language which, when translated into English were understood to mean, and do mean, that, etc., and that the words were so understood by the persons to whom they were spoken. *Held*, that this was a sufficient averment of their correct translation.

APPEAL from the Circuit Court for *Waukesha* County. The action is for slander, and the appeal is from an order overruling a general demurrer to the complaint. The other facts sufficiently appear from the opinion.

For the appellant there was a brief by *Parks & Thompson*, and oral argument by *Mr. Parks*.

*David W. Small*, for the respondent.

Orton, J. The respondent, who was plaintiff in the court below, stated in his complaint that he was a butcher and dealer in cattle and provisions, and keeps a meat market for the sale and retail of dressed meats; that the defendant, in a certain discourse concerning the plaintiff in his said trade and business of a butcher and retailer of meats, maliciously spoke, etc., of and concerning the plaintiff, and of and concerning this plaintiff's said trade and business, the following words: "That *Singer* (the plaintiff meaning) had taken an unborn calf from a dead cow, dressed it, and sold a quarter of it to Mrs. Zimmerman" (meaning that this plaintiff had taken an unborn calf from a dead cow, dressed it for his meat market, and sold a quarter of it to Mrs. Zimmerman as food for herself and family to eat). The second count charges the defendant with having spoken of and concerning the plaintiff, and of his said trade and business,

in the German language, certain words, which, when translated into the English language, were understood to mean, and do mean, that *Singer* (the plaintiff meaning) had taken an unborn calf from a dead cow, dressed it, put it up in said plaintiff's meat market for sale, and sold a quarter of said unborn calf as dressed to Mrs. Zimmerman for food for herself and her family to eat; that said words, as above set out, were well understood as aforesaid by the persons in whose presence and hearing they were spoken as aforesaid; that said plaintiff was injured in his good name, by reason of such speaking, to his damage of $5,000, and that by reason of such speaking many of this plaintiff's customers deserted him and his said meat market, and took the trade and custom they had previously given to the plaintiff to other places, and by reason thereof, among many others, Mrs. Marston, Mrs. Zimmerman, and Mrs. Patrick Fitzgerald, residents of the place where said market was situated, who, at the time, were customers of this plaintiff, have since that time refused to purchase any meat of or from this plaintiff, to his damage of $5,000. A general demurrer to the complaint was overruled.

As we understand the objections taken to this complaint, they are (1) that the innuendo enlarges the meaning of the words spoken, in English; and (2) that the words are not actionable.

1. The words in the innuendo not actually spoken are "for his meat market," and "as food for herself and family to eat." We think the words clearly mean that the plaintiff dressed the calf for his meat market. He cut it into quarters, or at least cut one quarter from it, just as he would do with any other calf for his meat market, and the sale of it to Mrs. Zimmerman was as clearly for the purpose of food for herself and for her family; for she would not have bought a quarter for herself alone, and the only natural and usual purpose of buying a quarter of veal would

be for food, and not to sell again, but to eat. The words spoken had reference to the plaintiff's business in their most natural meaning, and the innuendoes, we think, very properly connect them specifically with his trade and business, as the keeper of a meat market and vendor of meats. Folk. Starkie, Sland. 355. The language would be meaningless in respect to any other business or person.

2. The words are not actionable as imputing a crime, for they do not imply that Mrs. Zimmerman had not been fully informed of the real character of the unwholesome provisions she was buying, which is an ingredient of the offense. R. S. sec. 4599. But they were spoken concerning the plaintiff's trade and business, and injurious thereto, and he was damaged therein by reason thereof. The averments in these respects are full and complete, and make the words actionable. Folk. Starkie, Sland. 117. The words spoken, from their natural and immediate tendency to produce injury to the plaintiff's trade and business, the law adjudges to be defamatory, and special damages may be alleged and proved in aggravation of damages. Odgers, Sland. 308; *Gottbehuet v. Hubachek*, 36 Wis. 515. Chief Justice RYAN said in that case: "We take it to be an elementary rule that 'words are actionable which directly tend to the prejudice of any one in his office, profession, trade, or business.'" 1 Starkie, Sland. 117; *Lansing v. Carpenter*, 9 Wis. 540; Townsh. Sland. & Lib. 279. The averments in the complaint, in respect to the words having been spoken of the plaintiff in his trade and business, and the special damages occasioned thereby, are according to a precedent (No. 36 in Odgers' Appendix). Charging a butcher with changing a lamb that a customer had bought of him for a coarse piece of mutton is held to be actionable in respect to his trade. Odgers, Sland. 80 and note.

Some question was raised as to the averment of the translation of the words spoken in the German language. But

the averment that they had a certain meaning in the English language, and that they were so understood by the persons to whom they were so spoken, was held to be a sufficient averment of their correct translation. In *Simonsen v. Herold Co.* 61 Wis. 626, citing Odgers' precedent No. 30, it will be observed that the words of the translation are as broad as the words spoken in English, including the innuendo.

The demurrer was very properly overruled.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.