Pelzer vs. Benish and wife.

PELZER, Respondent, vs. BENISH and wife, Appellants.

*November 5 — November 23, 1886.*

*Slander: Pleading: Words in foreign language.*

In an action for slander, if the words are alleged to have been spoken in a foreign language, they must be set out in that language and be followed by a translation into English and an allegation of the correctness of such translation.

APPEAL from the Circuit Court for *Jackson* County. The case is stated in the opinion.

For the appellants there was a brief by *T. F. Frawley,* and oral argument by *J. C. Gores.*

For the respondent the cause was submitted on the brief of *Joseph Roy.*

TAYLOR, J. This is an action for slander. After the preliminary allegations, the complaint alleges the slanderous words spoken as follows: "He [the plaintiff meaning] is a swindler. He [the plaintiff meaning] has swindled everybody. He [the plaintiff meaning] and speaking in the German language, is a '*spitzbube*,' meaning, and the persons so hearing so understanding, that the plaintiff was a thief and a robber." It further alleges "that the language so spoken by the defendant was the German language, and the persons so present and hearing the same all understood the German language, and so understood the words spoken of and concerning the plaintiff by the said defendant as imputing the crimes aforesaid."

The defendants are husband and wife, and the words are alleged to have been spoken by the wife. To this complaint the defendants demurred on the ground that it does not state facts sufficient to constitute a cause of action. The circuit court overruled the demurrer, and from the order overruling such demurrer the defendants appealed to this court.

The learned counsel for the appellants insists that the demurrer should have been sustained upon two grounds — (1) because the complaint alleges that the slanderous words were all spoken in the German language, and the slanderous words in the complaint are all set out in the English language, with the exception of the one word, "*spitzbube*," and (2) because the complaint does not give a translation of that German word in the English language. The first objection to the complaint was held good by this court as long ago as 1850 (see *Zeig v. Ort*, 3 Pin. 30, 32), and as late as 1884 (see *Simonsen v. Herold Co.* 61 Wis. 626), and in this last case the case of *Zeig v. Ort* is cited to sustain the

objection. The allegations of the complaint showing that the slanderous words were spoken in the German language, it was clearly the duty of the pleader to set out the words in that language. It is also equally clear that, after having set out the slanderous words in the German language, if they were in fact spoken in such language, such words should have been followed by a translation into the English language and an allegation of the correctness of such translation. See *Simonsen v. Herold Co.* 61 Wis. 626. In this complaint there is no translation of the one German word set out in the complaint. Without such translation, the court cannot say that such German word is actionable, or that it supports the allegation that the defendant meant to charge the plaintiff with being a thief and a robber.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with directions to sustain the demurrer to the complaint.