Schild vs. Legler and wife.

Schild, Appellant, vs. Legler and wife, Respondents.

*March 22 — April 12, 1892.*

*Slander: Words spoken in German: Variance.*

In an action for slander the complaint charged the speaking of certain words in German and gave a translation thereof into English. On the trial there was evidence of the speaking of somewhat different German words, the English translation of which, however, was the same. There being no evidence that the translation of the words alleged to have been spoken was incorrect, the variance is *held* not material.

APPEAL from the Circuit Court for *Green* County.

The complaint alleges that at the times named the plaintiff was engaged in business at Juda as a cheese maker, and as such had always maintained a good reputation and credit; that in August, 1890, and October 23, 1890, at Monroe and Juda, the defendant *Mary Legler*, the wife of the defendant *John Legler*, designing and intending to injure and degrade the plaintiff in his reputation and cause it to be believed that he had been guilty of the crime charged upon him by her hereinafter stated, and to bring the plaintiff into public disgrace, wilfully and maliciously spoke, uttered, and declared of and concerning the plaintiff, in the presence and hearing of one Jacob Regez and divers other persons, in the German language, the false, scandalous and defamatory words, to wit: "Er [meaning the plaintiff] hat Kaese gestohlen;" that said Jacob Regez then and there understood the German language and the words so used by the said *Mary;* that said words, when translated into the English language, are as follows: "He [meaning the plaintiff] has stolen cheese," — meaning and intending thereby to charge that the plaintiff had been guilty of the crime of larceny. The answer was a general denial, except that it admitted that the defendants were husband and

wife and that the plaintiff was engaged in the business alleged.

At the close of the plaintiff's testimony the court granted a nonsuit, on the ground that there was a variance between the words alleged in the complaint and those proved on the trial. From the judgment entered accordingly the plaintiff appeals.

*John M. Becker*, for the appellant, to the point that the variance was not such as to justify the direction of a nonsuit, cited secs. 2669–2671, R. S.; *Barnett v. Ward*, 36 Ohio St. 107; *Pegram v. Stoltz*, 67 N. C. 147; *K. v. H.* 20 Wis. 239; *Harper v. Milwaukee*, 30 id. 378; *Dufresne v. Weise*, 46 id. 290; Townshend, Slander, secs. 363–368; *Zeig v. Ort*, 3 Pin. 31; *Desmond v. Brown*, 29 Iowa, 53; *Chace v. Sherman*, 119 Mass. 387; *Robbins v. Fletcher*, 101 id. 115; *Williams v. Miner*, 18 Conn. 464, 474; *Brown v. Hanson*, 53 Ga. 632; *Bassett v. Spofford*, 11 N. H. 127; *Lewis v. McDaniel*, 82 Mo. 577; 3 Lawson, Rights, etc. sec. 1243.

*P. J. Clawson*, for the respondents, to the point that the words alleged cannot be proved by showing that the defendant published the same meaning in different words, even if equivalent and of similar import, cited *Wilborn v. Odell*, 29 Ill. 456; *Taylor v. Moran*, 4 Met. (Ky.), 127; Townshend, Slander, secs. 364, 371; *Dufresne v. Weise*, 46 Wis. 290.

Cassoday, J. The slanderous words are alleged to have been spoken in German in the presence and hearing of Regez and others who understood the German language and the words used. The complaint sets out the German words so spoken, and also the translation of the same into English, and is clearly sufficient. *Pelzer v. Benish*, 67 Wis. 291; *Singer v. Bender*, 64 Wis. 169; *Simonsen v. Herold Co.* 61 Wis. 626; *K. v. H.* 20 Wis. 239; *S. C.* 91 Am. Dec. 397; *Zeig v. Ort*, 3 Pin. 30. Tested by the translation, the

charge is that "he [meaning the plaintiff] has stolen cheese," meaning and intending thereby that the plaintiff had been guilty of the crime of larceny. It was for the court to determine whether the words alleged were capable of the meaning ascribed to them by the innuendoes, and for the jury to decide whether such meaning was truly ascribed to them. *Campbell v. Campbell*, 54 Wis. 94, 95; *Bradley v. Cramer*, 59 Wis. 312; *Gauvreau v. Superior Pub. Co.* 62 Wis. 408; *Moley v. Barager*, 77 Wis. 44.

The contention is that there is a fatal variance between the words alleged and those proved. There is plenty of evidence tending to prove that the defendant *Mary*, at Monroe, in the presence and hearing of Regez, and while addressing him and others in the German or Swiss-German language, spoke of and concerning the plaintiff words which, when translated into English, were as follows: "He has stolen cheese," and other words to the same effect; that at the same place, and in the same presence and hearing, the said *Mary* said to the plaintiff personally, in the German or Swiss-German language, words which when translated into English were as follows: "You have stolen cheese," and other words to the same effect. Thus the plaintiff proved the very words alleged in English, and several other expressions of substantially the same import. It is true the precise German words alleged were not proved, but there is no evidence that the English translation alleged is not substantially correct, and we cannot assume, as a matter of law, that such translation is incorrect merely because the evidence shows that substantially the same translation is given to somewhat different German or Swiss-German words. This court has held, in effect, in one of the cases cited, that, even when the German words alleged are actionable *per se*, yet, if the English translation is not, the complaint is insufficient. In other words, the sufficiency of the complaint is to be tested by the English translation

alleged; and, in the absence of any evidence of the incorrectness of such English translation, we are constrained to hold that the question of variance is to be tested by the same standard. Especially should this be the rule under our statute, which declares that "no variance between the allegation in a pleading and the proof shall be deemed material unless it shall actually mislead the adverse party to his prejudice in maintaining his action or defense upon its merits." Sec. 2669, R. S. The accuracy of such alleged English translation is a question of fact for the jury, as well as the accuracy of the English translation of the words actually spoken.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded for a new trial.