SCHUBERT, Appellant, vs. RICHTER, Respondent.

*January 8 — January 28, 1896.*

*Slander: Pleading.*

In an action for slander the complaint must state the particular defamatory words spoken.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

The complaint alleges, in effect, that on March 1, 1894, the firm of Richter, Schubert & Dick, then conducting a general real-estate, loan, and insurance business, in Milwaukee, as copartners, made their promissory note in writing, bearing date on that day, for $2,274.33, payable one year after date, to one Joseph Flanner, with interest, and thereupon delivered the same to said Flanner for full value; that thereafter, and before maturity of said note, said Flanner sold and delivered the same to this plaintiff; that on August 1, 1894, said partnership expired by limitation, and thereafter the plaintiff and defendant each entered into business for himself in the same line of business as had formerly been conducted by the firm; that, to supply capital therefor, the plaintiff had negotiated with the First National Bank of Milwaukee for a loan upon said note to the amount thereof; that the defendant, with intent to injure and impair the business credit of the plaintiff, and to prevent him from obtaining credit on said note, warned the cashier of said bank not to discount or purchase said note from the plaintiff,— thereby giving the cashier to understand that he repudiated his obligation on said note, that the possession thereof by the plaintiff was wrongful and felonious, and that the plaintiff was not entitled to sell, assign, or transfer said note to the bank; that the defendant gave the cashier to understand, by inference and by direct charge, that said note was with-

Schubert vs. Richter.

out value, and that the plaintiff had no right to the possession thereof and no property therein, and that he was attempting to obtain the money of said bank fraudulently; that in consequence of such warning the bank refused to accept said note, or to advance any money thereon, or to extend any credit to the plaintiff; that by reason thereof the credit of the plaintiff was ruined at said bank and other money institutions in Milwaukee, and hence he was unable to obtain capital with which to conduct business; that by said act the defendant intended to injure the business reputation of the plaintiff; and that such acts were done, and such warnings and statements made, by the defendant falsely and maliciously and with intent to injure the plaintiff, and by reason whereof the plaintiff was injured in his business and reputation, and for which he claims damages.

From an order sustaining a demurrer to such complaint for insufficiency, the plaintiff appeals.

*Henry W. Dunlop*, for the appellant.

For the respondent there was a brief by *Austin & Fehr*, and oral argument by *W. H. Austin*.

CASSODAY, C. J. The complaint entirely fails to state or allege what particular words were spoken by the defendant which the plaintiff claims were defamatory. It merely states the pleader's inferences or conclusions, drawn from something supposed to have been said, but not alleged. "The words in which the slander is conveyed must be stated in the complaint, in order that the court may judge whether they constitute a ground of action, and also because the defendant is entitled to know the precise charge against him, and cannot shape his case until he knows. It is not sufficient to set forth the tenor or effect of the words used by the defendant." 13 Am. & Eng. Ency. of Law, 456. This is not only elementary, but has frequently been sanctioned by this court. *Zeig v. Ort,* 3 Pin. 30; *K—— v. H——,* 20

Wis. 239; *Simonsen v. Herold Co.* 61 Wis. 626; *Pelzer v. Benish,* 67 Wis. 291; *Schild v. Legler,* 82 Wis. 73. It follows that the demurrer was properly sustained.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.