DR. SHOOP FAMILY MEDICINE COMPANY, Respondent, vs. WERNICH, Appellant.

*January 13 — February 2, 1897.*

*Libel: Pleading: Evidence.*

1. The publisher of a newspaper on receiving a proposed advertisement of certain family medicines published in his paper an article in the form of a letter addressed to the proprietor of such medicine,

saying, "Your advertisements will not be received in the columns of the L., although you offer us big pay. We have repeatedly advised our readers that by the manufacture and sale of such medicines the public are swindled out of their money." *Held,* that the article was libelous *per se.*

2. A complaint for a libel published in the German language, which sets forth the article in German, and alleges that being translated it "reads as follows," giving the alleged translation in words and figures, asserts in substance that the translation is a true one, and is sufficient in that respect.

3. Letters written to the medicine company by its patrons, stating how the newspaper article was understood by them and its effect upon readers in their vicinity, were not admissible in evidence in an action for the libel contained in such article, being mere hearsay.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This is an action for an alleged libel published by the defendant in a semimonthly newspaper published in the German language at Milwaukee, Wisconsin, under the name of "Der Landwirth," of which the defendant was the publisher and proprietor. It was alleged that it had a large circulation among the farmers and citizens of the state of Wisconsin of German descent. That the plaintiff was a corporation authorized to manufacture, compound, and sell drugs and medicines and certain specific remedies for certain diseases, and through Dr. Shoop had sent to the defendant a request for certain space in the advertising columns of the "Landwirth," and that on September 1, 1893, defendant, intending to injure plaintiff, etc., did wilfully and maliciously compose and cause to be published in said newspaper, concerning the plaintiff, in the German language, a false, malicious, and defamatory article, which is set out in words and figures at length, followed by the allegation, "which said article, *being translated into the English language, reads as follows:* 'To Dr. C. I. Shoop, Racine, Wis., and W. A. Noyes, 820 Powers Block, Rochester, N. Y.: Your advertisements will

not be received in the columns of the "Landwirth," although you offer us big pay. We have repeatedly advised our readers that by the manufacture and sale of such medicines the public are swindled out of their money. "Der Landwirth" [Husbandman] does not work in this way, but on the contrary desires to be to its readers a sincere and faithful adviser.' And by said false, defamatory article the defendant meant and intended to publish to the world that the remedies and medicines so sold and offered for sale by the plaintiff were fraudulent and worthless, and any person buying the same would be swindled," etc., "to the plaintiff's damage." The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was stricken out as frivolous. The defendant subsequently answered, denying malice, or that he wilfully intended to injure the plaintiff in its business and reputation, but admitted the publication of the German words set forth in the complaint, and alleged that the statements contained therein were true, but denied that the article, being translated, reads as alleged in the complaint, and gave what he averred was an accurate and correct rendering of said article into English.

The action came on for trial before a jury, and considerable testimony was given on the subject of the correctness of the translation. The plaintiff offered in evidence three certain letters, written by three several parties, to Dr. Shoop, one dated January 11, 1894, in which the writer said: "I have read in the 'Landwirth' that he would not for any money publish your remedies in his publication, inasmuch as it is nothing but a swindle. I can furnish you with hundreds of persons that have used your remedies and regained their health by the use of the same. Mr. E. M. Gowan, the druggist here, is now selling your preparations. I will send an order at the earliest opportunity. [Signed] M. Schmitt." The second letter was signed by one C. W. Ruoff, and stated

Dr. Shoop Family Medicine Co. vs. Wernich.

that the writer wished the doctor would send him a bottle of his restorative, and one box of his nerve pills, and added: "If it had not been for the 'Landwirth,' I would have sent for medicine before. *Mr. Wernich* is opposed to all medicines. . . . Send the medicine at once." The third letter was signed, Henry Gerber, to Dr. Shoop, in which the writer stated: "I have not a very big order this time, as I have not sold all my remedies. . . . I find that many have read in the damn 'Landwirth.'— On the farms they have in many districts the damn practical counselor 'Landwirth' from Wisconsin. I had a good deal to contend. I had heard already in April last that he was trying, or that he was talking against your medicines, but not so much as now. It was said that Dr. Shoop had commenced suit against the 'Landwirth,' but lost his case, and now they argue his medicines are nothing but swindle. Please let me know the right version of this. I received a slip from his newspaper, which I send you herewith. Please send it back to me with your reply, as I desire myself to write this famous professor, Dr. Johannes Hackin, in order to stop his loose mouth." These letters, written, respectively, from three several places in Kansas, Kentucky, and Pennsylvania, were offered to show how the article in question was understood. Counsel for the defendant objected to the testimony, on the ground that it was incompetent, immaterial, and irrelevant. It appeared that the letters came by the ordinary course of mail, but the witness did not know the parties, only by correspondence. The court overruled the objection, and permitted the letters to be given in evidence. Evidence was given tending to show that the medicines in question were not patent medicines, but compounded by Dr. Shoop, and the plaintiff was selling the remedies in almost every state of the Union.

The court charged the jury that the article was libelous upon its face, but that the plaintiff, being a corporation,

could not recover exemplary or punitory damages; that the gravamen of the action was the injury to the reputation of the medicines. The jury found a verdict for $500 in favor of the plaintiff. The defendant moved to set it aside, on the ground, among others, that the damages were excessive. The court denied the motion, and from a judgment on the verdict the defendant appealed.

For the appellant there was a brief by *McElroy & Eschweiler*, of counsel, and *Rietbrock & Halsey*, attorneys, and oral argument by *F. C. Eschweiler*.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *W. C. Quarles*.

PINNEY, J. 1. There can be no doubt but that the article set forth in the complaint is libelous *per se*. As held in *Brown v. Vannaman*, 85 Wis. 451, "It was a written slander upon the plaintiff's trade and business, and as such it tended directly to prejudice the plaintiff therein, and hence, within well-established rules of law, was libelous *per se*."

2. The allegation in the complaint that the German words therein set forth, and constituting the libel in question, "being translated into the English language *read as follows*," setting out the alleged translation in words and figures at length, is a sufficient allegation that the translation is a correct translation. It would be understood by any person of ordinary intelligence as an assertion, in substance, that the translation was a true one. The objection is technical. The statute requires that allegations in pleadings "shall be liberally construed, with a view to substantial justice between the parties." R. S. sec. 2668. If the defendant considered the allegation indefinite and uncertain, his remedy, to take advantage of the defect, was by motion to make it more definite and certain. It is hardly to be conceived that the defendant could have been misled or prejudiced by the allegation in its present form, which is much the same as a like

allegation in *Schild v. Legler*, 82 Wis. 73, and which was re-
garded as sufficient.

3. The three letters offered in evidence by the plaintiff,
and received, were mere hearsay (*Anderson v. Fetzer*, 75 Wis.
562), and were not admissible. It was clearly error to receive
them in evidence. Two of them contained statements calcu-
lated to affect and increase the damages awarded, and we
cannot, from the record, say that they did not affect the
amount of damages unfavorably to the defendant. The let-
ters were not only objected to, but a motion was made to set
aside the verdict on the ground of excessive damages, which
was denied. As the evidence admitted was incompetent,
there must, in such case, be a new trial, unless it appears that
the incompetent evidence did not injuriously affect the result.
For the error in admitting the letters in evidence, there must
be a new trial. There are no other questions requiring
notice.

*By the Court.*— The judgment of the circuit court is re-
versed, and the cause remanded for a new trial.