COLE and another, Respondents, vs. CHRISTENSEN, Appellant.

*May 5—May 23, 1916.*

*Libel: Newspaper publication imputing business dishonesty: Instructions to jury: Punitory damages: Disallowance to correct error in instruction.*

1. A notice or warning published in a newspaper, charging buyers of live stock with fraudulently misrepresenting to farmers the condition of the market in order to induce them to sell their stock, imputed business dishonesty and was libelous *per se.*
2. A statement in the charge that "damages are of two kinds—compensatory, or punitory, and exemplary," could not have misled the jury where the judge proceeded thereafter to differentiate between compensatory and exemplary or punitory damages at considerable length.
3. A statement in the charge that the jury "must not understand that the presence or absence of actual malice or ill will has any bearing on the question of punitory damages," and that "plaintiffs are entitled to such damages if they have been libeled," was prejudicially erroneous; but the punitory damages having been separately assessed, the error may be corrected by disallowing them.

APPEAL from a judgment of the circuit court for Polk county: W. B. QUINLAN, Judge. *Modified and affirmed.*

Libel. Plaintiffs were partners and buyers of live stock in Polk county. Defendant caused to be published in a local paper the following notice:

*"Farmers Take Notice.*

"I wish to notify people having stock to sell, to look out for *Cole & Brown* whenever they wish to buy your stock. They misrepresented the prices to me, claiming the market prices were down when they were not. They also said they were to ship to Duluth and instead shipped to South St. Paul. They purchased my steers for 4½ cents per pound, and sold them for 5½ cents per pound, a gain of 1 cent per pound. This can be proved if necessary.          L. C. CHRISTENSEN."

Defendant pleaded the truth of the publication. The jury returned a verdict for the plaintiffs, assessing compensatory damages at $200 and punitory damages at $50, and from

judgment thereon, amounting in all to $304.21, defendant appeals.

For the appellant the cause was submitted on the brief of *Morris É. Yager.*

For the respondents there was a brief by *W. T. Kennedy* and *C. S. Roberts,* and oral argument by *Mr. Kennedy.*

WINSLOW, C. J.    Only two contentions are made which we deem it necessary to discuss: (1) that the published article is not libelous, and (2) that there was prejudicial error in the charge.

1. The article was unquestionably libelous *per se;* it charged the plaintiffs with fraudulently misrepresenting to farmers the condition of the market in order to induce them to sell their stock.    This is an imputation of business dishonesty and hence libelous.    *Gottbehuet v. Hubachek,* 36 Wis. 515; *Singer v. Bender,* 64 Wis. 169, 24 N. W. 903; *Robinson v. Eau Claire B. & S. Co.* 110 Wis. 369, 85 N. W. 983.

2. The bill of exceptions states that the trial judge stated to the jury in his charge that "damages are of two kinds— compensatory, or punitory, and exemplary."    This is incorrect, of course, and it is hardly to be supposed that the trial judge actually said it, but rather that there was error on the part of the reporter.    This is rendered more certain by the fact that the trial judge proceeded thereafter to differentiate between compensatory and exemplary or punitive damages at considerable length.    In view of this fact the jury could not have been misled in any event.

After charging the jury fully that punitive damages were such as were awarded by way of punishment and could only be given when the defendant was actuated by malice or ill will, also that the granting of such damages rested in the discretion of the jury, the trial judge said: "But you must not understand from this that the presence or absence of actual malice or ill will has any bearing on the question of punitory

damages.    Plaintiffs are entitled to such damages if they have been libeled." This is plainly error and must have been prejudicial on the subject of punitory damages.    Inasmuch, however, as these damages are separately assessed, the error may be corrected by now disallowing them.

*By the Court.*—Judgment modified as of its date by reducing the same to $254.21, and as so modified affirmed without costs, except that respondent is to pay the fees of the clerk of this court.