MACIEJEWSKI v. RYCHART.

1. LIBEL AND SLANDER—ACTION—CHASTITY—QUESTION FOR JURY.

Where defendant, in an action for slander, said to plaintiff, in the presence of others, "You are a black monkey; a dirty pig. You ought to be ashamed of yourself keeping other men. My son-in-law, Ignatz, had nothing to do with his wife, my daughter, for five months. Where was he during that time, only staying with you. You were sitting with him and kissing him and tying his necktie, you low, dirty woman"—the trial court properly left the question to the jury whether the words so uttered by defendant were actionable per se in that they imputed to plaintiff a want of chastity.

2. SAME—ACTION—AMBIGUOUS MEANING—QUESTION FOR JURY.

Ordinarily this question is for the court to determine, but where the language complained of is ambiguous or open to double construction the question may be submitted to the jury; and in such cases it is for the court to determine whether the words are susceptible of the construction claimed for them, but the jury should determine whether the construction claimed should be given.[1]

3. SAME—FOREIGN LANGUAGE—TRANSLATION—QUESTION FOR JURY.

Where the alleged slanderous words are spoken in a foreign language, it appears to be the rule to submit to the jury the question whether the translation into English is a correct one.

4. SAME—VERDICT—STATUTE.

Where the jury returned a verdict for plaintiff, "Damage for character, $100. Damage for suffering, $50"—it was a substantial compliance with the statute (3 Comp. Laws, § 10424; 3 Comp. Laws 1915, § 12758) requiring the verdict to state the amount awarded for damages to feelings separately from the amount awarded for other damages.

Error to Bay; Collins, J. Submitted January 14, 1916. (Docket No. 70.) Decided September 26, 1916.

[1] As to effect of provision that jury shall determine the law and the facts in libel cases, 33 L. R. A. (N. S.) 207; 51 L. R. A. (N. S.) 369.

Case by Cecelia Maciejewski against Emily Rychart for slander. Judgment for plaintiff. Defendant brings error. Affirmed.

*W. A. Collins,* for appellant.

*E. E. Anneke,* for appellee.

BIRD, J. While the police court of Bay City was trying to adjust some trouble which had arisen between Elizabeth Maciejewski and her husband, Ignatz Maciejewski, the defendant went into court and said to the police judge, in the presence of the witnesses and bystanders, of and concerning the plaintiff, who was present in court:

"You (meaning the plaintiff) are a black monkey; a dirty pig. You ought to be ashamed of yourself keeping other men. My son-in-law, Ignatz, had nothing to do with his wife, my daughter, for five months. Where was he during that time, only staying with you. You were sitting with him and kissing him and tying his necktie, you low, dirty woman."

The plaintiff afterwards brought this suit, charging defendant with slander. The words were spoken in the Polish language, and were set out in the declaration in that language as well as in English. The plea was the general issue, with a notice of justification.

1. The chief contention is whether these words so uttered by defendant are actionable *per se.* The trial court was of the opinion that they were ambiguous, and under the rule left the question to the jury. They found that the words charged imputed to plaintiff a want of chastity, and assessed her damages at the sum of $150. Appellant's counsel in his brief analyzes the language spoken sentence by sentence, and insists that without the aid of innuendoes they do not charge *per se* a want of chastity. It is true some of the sentences, standing alone, are open to a double construction, but,

when considered as a connected whole, we are inclined to the opinion that they impute a want of chastity to the plaintiff. Ordinarily this question is for the court to determine. *Hay* v. *Reid,* 85 Mich. 296 (48 N. W. 507) ; *Brewer* v. *Chase,* 121 Mich. 526 (80 N. W. 575, 46 L. R. A. 397, 80 Am. St. Rep. 527). But where the language complained of is ambiguous or is open to a double construction, the question may be submitted to a jury. 25 Cyc. p. 543; *Loranger* v. *Loranger,* 115 Mich. 681 (74 N. W. 228).

The question in this case is, however, close to the line, and we are not prepared to say that the trial court erred in submitting it to the jury. In such cases it is for the court to determine whether the words are susceptible of the construction claimed for them by the plaintiff, but the question as to whether the words spoken should be given the construction claimed for them was one for the jury. *Schild* v. *Legler,* 82 Wis. 73 (51 N. W. 1099) ; 25 Cyc. pp. 543-545.

It appears to be the rule, where the alleged slanderous words are spoken in a foreign language, to submit to the jury the question whether the translation into English is a correct one. While there is not much controversy about the translation in the instant case, in view of the leading form of the questions which developed the translation, I think it furnishes an added reason why the question should have been submitted to the jury.

2. The jury were instructed that:

"If your verdict is for the plaintiff, then you will report separately the amounts, if any, you allow for damages on account of injured feelings, and the amount, if any, you allow on account of damages for injury to reputation. You are to consider what the damages are as to each of those items, if any, and make a separate report of them. The law requires that."

The verdict returned was in the following form:

.'"Damage for character, $100.
'"Damage for suffering, $50."

Objection is raised that the verdict was not returned in accordance with the provisions of the statute.   3 Comp. Laws, § 10424 (3 Comp. Laws 1915, § 12758). Obviously the words "Damage for character" were meant for damage to reputation, and the words "Damage for suffering" meant damage for injured feelings. We think this is a substantial compliance with the statute.

There are other assignments referred to in the brief, but, inasmuch as they are not argued, they will receive no consideration.

The judgment of the trial court is affirmed, with costs to the plaintiff.

STONE, C. J., and KUHN, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.   OSTRANDER, J., did not sit.